# Herr *v.* Seymour.

*Action on Official Bond of County Treasurer.*

1. *State witness certificates ; how certified and paid.*—The claims of State witnesses in criminal cases, whether for attendance before the court or the grand jury, must be authenticated by the certificate of the clerk of the court, before they become proper charges on the fund arising from fines and forfeitures (Code, §§ 4459–60) ; though the foreman of the grand jury is required to give certificates to witnesses attending before that body, showing the number of days' attendance, the distance travelled, &c. (Sess. Acts 1882–3, p. 158), on which, when compared with the certified book which he is required to file with the clerk, the latter issues the necessary certificate to the witness.

2. *Same ; sufficiency of certificate ; statute construed as remedial.* Although the statute requires that the certificate of the clerk shall state " therein the amount of compensation to which the witness is entitled, and the facts which make it a good claim against the county " (Code, § 4460) ; yet, being a remedial statute, it must be liberally construed ; and being so construed, if the certificate states on its face the amount of compensation, and an indorsement on it, signed at the same time, states the facts which make it a good claim against the county, this is a substantial compliance with the statute.

3. *Repeal of statutes by implication.*—The repeal of statutes by implication is only allowed when the two statutes are in irreconcilable conflict, and a reasonable field for the operation of each can not be found ; and if effect can be given to a part of the old statute, without violating any of the provisions of the new, the repeal by implication is only partial.

4. *Fees of officers of court, and witness certificates ; priority of payment, under general and special statutes.*—By the general law (Code, § 4461), the registered claims of State witnesses are entitled to priority of payment, out of the fund arising from fines and forfeitures, over claims for the fees of officers of the court ; and while the special statute approved February 24th, 1881, applicable to Sumter county (Sess. Acts 1880–1, p. 280), makes the latter claims, when certified as required, a charge on said fund, and receivable in payment of any debt due the county, " the same as State witnesses' certificates are now received," there is nothing in it which destroys or impairs this right to priority of payment given to registered witness certificates.

5. *Same.*—Under the special statute applicable to Sumter and other counties, approved February 22d, 1883, further regulating the payment of claims against this said fund (Sess. Acts 1882–3, p. 523), which was intended to prevent the fund lying idle in the county treasury, registered claims not being presented for payment within one month after advertisement by the clerk, he is required to apply the money on hand to the payment of succeeding claims due and registered ; and if such claims, not being so presented, are not re-registered within six months, they are declared barred ; and to this extent, but no further, the general law is repealed.

APPEALS from the Circuit Court of Sumter.

Tried before the Hon. S. H. SPROTT.

[Herr v. Seymour.]

This action was brought by R. H. Seymour, against Benj. F. Herr, county treasurer of said county, and the sureties on his official bond as such treasurer ; and was commenced on the 11th January, 1884. The complaint alleged, as a breach of the defendants' bond, the failure and refusal of said Herr, as county treasurer, to pay certain witness certificates held by plaintiff, which had been duly presented and registered, as claims against the fund arising from fines and forfeitures, when, as the complaint alleged, there was money in the county treasury belonging to that fund, which was liable to the payment of said claims, and was sufficient to pay them in full. The certificates were 164 in number, aggregated $663.15, and were of three kinds : 1st, certificates issued by the clerk of the Circuit Court ; 2d, certificates issued by the judge of the County Court ; 3d, certificates issued by the foreman of the grand jury. The complaint stated the numbers of the several certificates, and their aggregate amount, and set out one of each kind. The certificate of the clerk of the Circuit Court, as copied, stated the name of the case, and the term of the court, and then certified to the fact that the witness had proved his attendance on the part of the State, the number of days, the distance travelled, and the amount to which he was entitled ; and on it were indorsed these words . "*Defendant convicted, and sentenced to penitentiary. Execution issued, and returned ' No property found* ; '" to which the clerk's name was signed. The certificate of the judge of the County Court was in the same form, and on it were indorsed the words, "*State failed* ; " to which the name of the judge was signed. The certificate of the foreman of the grand jury was in the same form, and on it were indorsed these words, "*State failed*;" to which the name of the clerk was signed.

The defendants demurred to the complaint, assigning as grounds of demurrer—1st, that it showed no cause of action ; 2d, that the certificates sued on, as set out in the complaint, were not legal charges against the fund arising from fines and forfeitures ; 3d, that the certificates issued by the foreman of the grand jury were not legal charges against said fund. The court sustained the last ground of demurrer, but overruled the others ; and the defendants then filed two special pleas, alleging that, at the time payment of plaintiff's claims was demanded, there was not money enough in the treasury, arising from fines and forfeitures, to pay said claims and certain other claims for fees of the officers of court, which had been registered before plaintiff's said claims, and which were entitled to be paid out of said fund, under the provisions of two special acts of the General Assembly, which were set out in each plea, and the material parts of which are stated in the opinion of the court.

The court sustained a demurrer to the special pleas, and the defendants then pleaded the general issue ; and the cause was tried on issue joined on that plea.

On the trial, as appears from the bill of exceptions, the plaintiff offered in evidence the certificates sued on, " and proved by T. B. Wetmore, that these certificates, as issued by the circuit clerk and foreman of the grand jury, were in the usual form of such certificates, and that this form had been in use in said county, with such indorsements, for thirty or forty years." The court admitted the certificates in evidence, against the defendants' objection, and they excepted. The defendants then read in evidence, without objection, said two special acts of the General Assembly. " It was agreed, that there was not enough money in the county treasury, belonging to the fine and forfeiture fund, at the time said demand was made, to pay said certificates and the claims for officers' costs which had been registered prior to said certificates ; but enough to pay said certificates, by postponing payment of the officers' costs as aforesaid. This being all the evidence, the court charged the jury, at the request of the plaintiff, that, if they believe the evidence, they must find in favor of the plaintiff, on all the certificates sued on issued by the clerk ; to which charge the defendants excepted."

The defendants appeal, and here assign as error—1st, the overruling of their demurrer to the complaint, as above stated ; 2d, the sustaining of the demurrers to their special pleas ; 3d, the admission of the certificates as evidence ; 4th, the charge of the court.

The plaintiff also appeals, and assigns as error the ruling of the court in sustaining the demurrer to the complaint, so far as it claimed a recovery on the certificates issued by the foreman of the grand jury.

A. G. SMITH, and J. J. ALTMAN, for the defendants.

R. C. CHAPMAN, for the plaintiff.    (No briefs on file.)

CLOPTON, J.—This is a suit on the official bond of the county treasurer. The breach of the bond assigned is, the failure and refusal of the treasurer to pay, on demand, some State witnesses' certificates, which were chargeable against the fine and forfeiture fund, and which had been registered ; the treasurer having money, belonging to that fund, sufficient to pay them. Both parties took an appeal. The two appeals were submitted together, and are decided as one case.

Section 4459 of Code 1876 provides : " If the defendant is not convicted, and the costs are not imposed on the prosecutor ; or,

[Herr v. Seymour.]

if the indictment be withdrawn and filed; or the prosecution abated by the death of the defendant; or, if the costs are imposed on either the defendant or the prosecutor, and an execution against him for the same is returned 'no property found;' or, if no indictment is found by the grand jury, before whom the witnesses appear; or, if a *nol-pros.* be entered; in each of these cases, the fees of witnesses on the part of the State, appearing either before the grand jury or the court, must be paid by the county, in the manner specified in the next section." The next section (4460) makes it "the duty of the clerk of the court, to issue a certificate to each witness appearing on the part of the State, stating therein the amount of compensation to which he is entitled, and the facts which, under the provisions of the preceding section, make it a good claim against the county; which certificate is receivable in payment of any debt due to the county for fines and forfeitures, and payable by the treasurer out of any fines and forfeitures in the county treasury."

The Legislature having provided for a fine and forfeiture fund, these sections of the Code prescribe what witnesses, appearing on the part of the State in criminal cases, are entitled to have their compensation paid out of such fund, and the manner in which they shall be paid. This fund does not arise from taxation. It is a special fund, created for special purposes. The sources from which it is derived, and the claims to be paid out of it, are prescribed by special legislation. The claims are filed, registered and paid, without being previously audited and allowed by the Court of County Commissioners.—*Palmer v. Fitts,* 51 Ala. 489. The authentication of such claims, upon which the treasurer is authorized to pay them, is the certificate of the clerk of the court. The foreman of the grand jury is required to give each witness a certificate of his attendance, showing the case in which, and the number of days he attended, the number of miles travelled, and amount due such witness, and to enter the same in a book; which book, certified by him to be correct, with a list of all such witnesses, he must return to the court, and which must be filed as a record by the clerk. Acts 1882–3, 158. This act does not authorize the foreman to certify the facts which make it a claim against the county. A certificate, issued to a witness by the foreman, is no authentication or verification to the county treasurer of the amount of compensation to which the witness is entitled, and of the facts which make it a good claim against the county, payable out of the fines and forfeitures in the county treasury. The treasurer is under no legal duty to pay such certificates, and a refusal to pay them is no breach of the condition of his bond.

Section 4460 is a remedial statute, and should be liberally

and beneficially construed. The language of the statute is:
" It is the duty of the clerk of the court, to issue a certificate
to each witness appearing on the' part of the State, stating
*therein* the amount of compensation to which he is entitled,
and the facts which, under the provisions of the'preceding sec-
tion, make it a good claim against the county." A construc-
tion that makes it indispensable for the clerk to state in one
certificate, and upon its face, both the amount of compensation,
and the facts which make it a good claim against the county, is
too strict and narrow. A certificate by the clerk, of the
amount of compensation, and the indorsement thereon of a
certificate stating the facts which make it a good claim against
the county, is a substantial compliance with the statute, and
comes within its reason and spirit. The two certificates, having
been simultaneously made in respect to the same subject-mat-
ter, and connected by a reference 'of the one to the other, may
be considered as constituting but a single certificate, in the same
manner as if embodied in one.

The principal defense relied upon is, two special acts of the
Legislature. The first is, " An act to make the fees of the
officers of court of Sumter county receivable in payment of
debts due said county for fines and forfeitures." This act was
approved February 24, 1881, and provides : " That in all crimi-
nal cases, in the Circuit and County Courts of Sumter county,
in which the fees of the officers of court are a proper charge
upon the fine and forfeiture fund of said county, it shall be the
duty of the Commissioners Court of said county, to issue cer-
tificates to said officers for the amounts due them, upon proof
made before them ; which certificates shall be a charge upon
the fine and forfeiture fund of said county, and shall be regis-
tered as presented to the county treasurer against said fund, and,
after such registration, shall be receivable in payment of any
debt due to said Sumter county, the same as State witnesses'
tickets are now received."—*Acts* 1880–1, pp. 280.

The other is, " An act to further regulate the payment of
the fine and forfeiture scrip of Sumter, Pickens and Randolph
counties," which was approved February 22, 1883. This act
makes it the duty of the treasurer, when there is any money in
his hands, with which he can pay the outstanding scrip of
fines and forfeitures, to advertise the registered number of said
fund to which he is able to pay, and persons who hold the
scrip numbered for payment by such advertisement, are re-
quired to present it for payment within one month after such
advertisement. If such claims are not presented within one
month, the treasurer is to apply the money to the payment of
succeeding claims due ; and claims not presented within one
month after such advertisement, are to be re-registered if pre-

sented within six months; and if not presented within that time, are forever barred.

This defense was set up by special pleas, to which a demurrer was sustained, and these acts were afterwards offered in evidence under the general issue. The bill of exceptions shows that there was not enough money in the treasury, belonging to the fine and forfeiture fund, to pay the witnesses' certificates held by the plaintiff, and to pay the claims for the fees of the officers of the court, which had been registered prior to the certificates; but enough to pay the certificates, by postponing payment of the claims of the officers of court.

By the general law (Code 1876, § 4461), the fees of officers of court, arising from specified criminal cases, must be paid, "whenever there shall be a surplus of the fund arising from fines and forfeitures, in the county treasury of any county, over and above the sum required to pay the *registered* claims of State witnesses." This provision of the general statute requires the payment of *all registered* certificates of State witnesses, whether registered prior or subsequent to the registration of the claims of officers of court, before any money accruing from fines and forfeitures can be applied to the payment of the claims of officers of court, which are to be paid only when a surplus remains. The purpose was to provide a mode and means for the payment of the compensation due to State witnesses, as speedily as practicable; and the effect of the statute is, to give all their registered certificates a priority of payment over the claims of officers of court.

It is insisted, however, that this provision of the general law is repealed, as to Sumter county, by the special acts referred to; and that the effect of these acts is, to require the payment of registered claims against the fine and forfeiture fund of that county, in the order of their registration. There are no express words of repeal. "The law does not favor the repeal of statutes by implication; and only declares such repeal, when all efforts at reconciliation have failed. Only when there is a real repugnance in the provisions, does the earlier enactment yield to the later; and if part of the provisions of an older statute can be given effect to, without violating any of the provisions of the newer one, the repeal by implication is only partial, and *pro tanto.—Enloe v. Reike,* 56 Ala. 500; *Parker v. Hubbard,* 64 Ala. 203. If there is not an irreconcilable conflict between the two statutes—if there can be found a reasonable field of operation for the later statute, without displacing the provisions of the previous law—the conclusion results, that the legislature intended both statutes should stand. If it can be reasonably done, a construction should be given that will

prevent the provisions of a later from colliding with the provisions of an older statute.

The special act of February 24, 1881, makes the certificates, issued by the Court of County Commissioners to the officers of court, for the amounts of the fees due them, after having been registered, receivable in payment of any debt due to the county for fines and forfeitures, the same as State witnesses' certificates are receivable by the general law. The intention was to place both classes of certificates upon an equality, so far as being receivable in payment of fines and forfeitures. This, as expressed in the title, is its scope, and is an ample, and the only field of operation. There is nothing in the act that refers to the order in which registered claims against the fine and forfeiture fund shall be paid by the treasurer, or that conflicts with the provision of the general law, which makes registered witness certificates preferred claims upon the fine and forfeiture fund.

The purpose of the act of February 22, 1883, is to prevent the fund remaining unemployed in the county treasury, because of registered claims not being presented for payment. It requires the appropriation of the fund to the payment of "succeeding claims due," notwithstanding there may be prior registered claims, whether witness certificates or others, unpaid, on account of the failure of the holders to present them, within one month after notice by advertisement; and to bar such claims, if not presented and re-registered within six months thereafter. To the extent that the statute provides for the payment of "succeeding claims due" in a specified contingency, although there may be registered witness certificates unpaid, it repeals the general law—a repeal *pro tanto*. The pleas do not aver, nor does the evidence show, the facts necessary to bring the claims of the officers of court within the provisions of this statute. To entitle them to payment in preference to registered witness certificates, there must be averment and proof of the facts, showing that the contingency provided for by the statute has happened.

Affirmed.