|Stone v. Ames.]

# Stone *v.* Ames.

*Mandamus by Clerk and Sheriff, against County Treasurer.*

1. *Fine and forfeiture fund; witness-certificates, and officers' fees.*—Under general statutory provisions (Code, §§ 915, 4895-6), the certificates of State witnesses are entitled to priority of payment out of the fund arising from fines and forfeitures, over all other claims which are made charges against it, and any suplus remaining must be applied to the payment of the fees of officers of court; but claims of each class are required to be registered, and are payable, as between themselves, in the order of their registration.

2. *Same; in Mobile county.*—By special statute of force in Mobile county, the salary of the judge of the City Court is made a first lien on said fund (Sess. Acts 1846, p. 29, § 9); that is, the current monthly installments of his salary, and any installments that may be in arrears, must be first paid, or a sum set apart sufficient to pay them; and by another special statute (Sess. Acts 1886-7, p. 773), witness-certificates are divided into two classes, those held by the witnesses themselves being entitled to payment, if registered, next after the judge's salary, and those which have been transferred being postponed until the claims of officers have been paid; and claims of each class, as under the general law, are payable in the order of registration.

3. *Same.*—The statute does not prohibit a partial payment on a claim, nor require a postponement of distribution until payment can be made in full; nor are its provisions limited to the fund in hand at the date of its passage.

APPEAL from the Circuit Court of Mobile.

Heard before the Hon. WM. E. CLARKE.

In this case, a petition was filed on the 9th May, 1890, by Dick Roper, ex-sheriff of Mobile county, W. L. Holcombe, sheriff of said county, Whiting Ames, clerk of the Circuit Court, and John F. Powers, clerk of the City Court, asking a *mandamus* against S. Graham Stone, the county treasurer of Mobile, requiring him to pay certain claims held by the

petitioners respectively, out of moneys in his hand belonging to the fine and forfeiture fund. The petition alleged that Roper's claim against the fund amounted to $1,789.02, Powers' claim to $3,251.10, Ames' to $134.30, and Holcombe's to $14.50; that each of these claims, duly verified, had been filed with the county treasurer; and that other claims had also been filed against the fund, as follows; in favor of the estate of W. J. Brainard, deceased, an ex-sheriff of Mobile, for $620.50; claims in favor of Hall and Hubbard, sheriffs of other counties, amounts not stated; witness-certificates, in the hands of the witnesses themselves, not exceeding $3,140.65; and witness-certificates, in the hands of other persons, amounting to $7,207.20. It was alleged, also, that "the entire salary of the judge of the City Court has been paid, and there remains in the hands of said treasurer the sum of of $6,311.13;" and that the treasurer refuses to pay the claims of, the petitioners, "alleging that the law requiring him to distribute the fund is too uncertain to enable him to act under it."

The treasurer filed an answer to the petition, admitting the official character of the petitioners, and that their several claims had been registered as alleged; admitting, also, that the salary of the judge of the City Court had been fully paid, and that the balance of the fund remaining in his hands was $6,311.63. But he alleged that witness-certificates had been registered to the amount of $3,549.75 by the parties to whom they were issued, and others by persons to whom they had been sold, amounting to $8,784.60; and he appended to his answer, as an exhibit, a statement of these several claims, showing their respective amounts, when filed, and by whom; insisting, also, that the claims of officers and witness-certificates, though in the hands of transferrees, were entitled to priority of payment according to the date of filing and registration. The exhibits showed the claims which had been filed from 10th February, 1887, to May 13th, 1890.

On the hearing, " on the petition, answer, and evidence," the court rendered judgment, that the defendant pay out of the fund in his hands, (1st) the witness-certificates which had been duly registered on or before Feb. 10th, 1887; (2) that he retain, out of the balance in his hands, an amount sufficient to pay all registered certificates owned and held by the persons to whom they were issued; (3) that he apply the balance to the registered claims of Powers, Roper, Brainard's estate, and Holcombe, "priority to be given to the claims of said officers, as among themselves, according to the dates on which their respective claims were filed, and to be pro-rated among several claims filed on the same date;" (4) that any

balance remaining " shall be held for the transferrees of any witness-certificates which are registered against the fund ; " and (5) the balance, if any, to the registered claims of Ames, Hall, and Hubbard (or Herbert).

The defendant appeals, and assigns errors as follows : (1) the judgment rendered; (2) giving preference to the claims of the sheriff and clerk of the City Court of Mobile, over the holders of transferred witness-certificates previously registered ; (3) not giving priority of payment to the transferred witness-certificates, over the claims of the sheriff and clerk; (4) directing a *pro-rata* distribution among claims filed on the same day; and (5) directing distribution under the act of February 10th, 1887, of moneys which came to the treasurer's hands after its passage.

PILLANS, TORREY & HANAW, GAYLORD B. CLARK, and FRANK B. CLARK, for appellant.

GREGORY L. & H. T. SMITH, *contra.*

McCLELLAN, J.—Subdivision 3, section 915 of the Code,. while not as clear and explicit to that end as it might be, has. always been construed in practice, and by the courts, to require the registration of State witness certificates by county treasurers, for payment in the order of registration out of the fine and forfeiture fund of their respective counties.   Such certificates so registered are, under the general law, entitled to priority of payment out of that fund, over all other claims which are made charges against it.   Section 4895 of the Code provides, that "whenever there shall be a· surplus of the fund arising from fines and forfeitures, in the county treasury of any county, over and above the sum required to pay the registered claims of State witnesses, the county treasurer of such county must pay the fees of the officers of court arising from criminal cases," under certain conditions which are there specified.   Section 4896 of the Code requires, that such officers' claims must be formulated and verified, &c.; and the statements of them thus made should also be registered by the treasurer against the fine and forfeiture fund.

Prior to February 10, 1887, these general provisions applied to the county of Mobile, except as modified by an act making the salary of the judge of the City Court a first lien on the fund.   The salary thus charged on this fund was an annual sum, payable in monthly installments, the term of office being six years.   Of course, it was not the purpose of this special enactment to make the whole salary of the term a charge on

[Stone v. Ames.]

the fund, and postpone all other claims against it until many thousands of dollars were set apart out of it for the satisfaction of this first lien. Nor is there any more reason to suppose the legislative intent to have been to charge the whole of the judge's annual salary at one time upon the fund, and postpone all other demands until it had yielded, say, twenty-five hundred dollars, to be held, it may be, for the most part, for eleven months in the year, before it became due and could be paid to the judge, or to the county in reimbursement of the monthly salary paid by it to the judge. The real intent and purpose of the law-makers we apprehend to have been, that the current monthly installments of salary, together with the installments, if any, in arrears, should be a first lien on the fund, and not, by anticipation, the installments to fall due for any subsequent month. It follows that, if the salary were paid, or set aside up to and for a given month, whatever sum there remained on hand was subject to appropriation as provided in section 4895 of the Code, *first*, to the payment of the State witness certificates *then* found on the registry, whether held by the witnesses themselves or their transferrees; and, *second*, to the payment of the fees of the officers of court, in the order of their registration. Whether, in point of fact, there be other witness-certificates entitled to registration, is entirely immaterial. The right of the holder of such certificates to participate in the fund, in priority to the officers provided for, does not turn upon the mere existence of their claims, but upon their existence *and* registration; the surplus which the treasurer is required to pay to officers is not what remains over and above a sum sufficient to pay outstanding certificates, but that which is left in the treasurer's hands at any time whenever he shall have paid, or set apart, a sufficient sum for the payment of the *registered* outstanding certificates. If there are, at any such times, unregistered certificates, they may be subsequently filed and registered; and when this is done, they constitute, under the general law, a first class lien; and under the general law as modified in the county of Mobile prior to February 10, 1887, a second lien, on any moneys at the time, or subsequently in the fund. In other words, there were in the county of Mobile three distinct classes of claims with respect to priority, and only three: *first*, the past due and current monthly installments of the judge's salary; *second*, the *registered* witness-certificates; and *third*, the registered officers' claims. The right of the second class to payment was unaffected by the consideration that other installments of the judge's salary would thereafter become due, and constitute a first lien on the fund in hand, when it did mature, or during

its current month. And similarly, the right of the third class
was unaffected, either by the consideration just stated as to
the judge's salary, or by the fact that there were other witness-
certificates which might have been, certainly would be in the
future, but had not been, registered. In neither case could it
be said that money which belonged to a prior, had been appro-
priated to a subsequent class, since, in either case, all claims
which, by the terms and fair intendment of the law, belonged
to any prior class, would be fully paid before the participation
of the deferred classes in the fund.

The general law was further modified, in its application to
Mobile county, by the act of February 10, 1887, "to provide
for the disposition of any and all money that may be in the
fine and forfeiture fund of Mobile county;" and which provides,
"that the salary of the judge of the City Court of Mobile shall
remain a first lien upon any money in the fine and forfeiture
fund, and the same shall be paid in preference to any other
claim; second, that witness-certificates in the possession of the
person to whom issued shall be a second lien, and paid next
after the salary of the City Court judge, but, when such cer-
tificates have been sold to third persons, "they shall have their
priority, and shall be paid only after all claims due from said
fund to the sheriff and clerk of the City Court have been paid,
and the claims of the sheriff and clerk shall be paid in the
order of their priority." The only effect of this statute was,
and is, in our opinion, to divide what is the first class of claims
under the general law, and had theretofore constituted the
second class in Mobile county, into two classes, one of which
continues to be the second class in Mobile, and the other of
which becomes a new class, and is fourth in the order of pay-
ment. Registered claims of witnesses, in their hands, still
constitute the second class, and are, as heretofore, to be paid,
as between themselves, in the order of their registration.
Registered witness-certificates in the hand of transferrees now
make up the fourth class, and are to be paid, as among them-
selves, in the order of their registration. Registered officers'
claims still make up the third class, and are to be paid, as
among themselves, in the order of their registration. As there-
tofore, the past and due current monthly installments of the
judge's salary are to be first paid, or set apart; then registered
witness-certificates held by the persons to whom issued are to be
paid, or a sum sufficient for that purpose is to be set aside; if
a surplus remains, it goes to, or is set aside, for the payment of
the officers' claims; and finally, if at any time the judge's sal-
ary is fully paid, a sum sufficient to pay the registered claims
held by the witnesses set apart, and all registered claims of

officers are paid or provided for in full, and a balance still remains, that balance is appropriated to assigned registered witness-certificates, in the order of their registration. The special statute, when read, as it must be, in connection with the general law, to which it is really but supplementary in providing a system for the distribution of this fund in the county of Mobile, seems to us very clear to the effect we have stated. By no other construction can all the terms of the act be given a field of operation. All the seeming objections and incongruities, to which counsel have adverted, are accommodated, or rather eliminated by this view. The result those objections, had they been sound, would have enforced—namely, the confinement of the operation of the act to the fund on hand at the date of its passage, though there is nothing in its language, nor incident to its subject-matter, to require or justify such a course —is avoided.

Whether the treasurer should not have regard for the fractions of a day in the registration of claims against the fine and forfeiture fund, we need not decide. It was not done with respect to the claims involved in this case. The holders of those claims were entitled to the whole of the remaining fund. It was, of necessity, pro-rated to them. They do not complain of that action, but are willing to abide by it. The treasurer is not prejudiced by it. The judgment, which the officers alone, if any body, could attack on this ground, fully protects him.

We can not subscribe to the insistence, that the claims should have been paid in full, or not at all. The language of the statute does not require such a construction. To admit it would lead to the anomalous result of denying payment on a claim simply because of its large amount, and would end either in the fund being indefinitely held by the treasurer in many instances, because not sufficient to pay a given claim, or in its application to after filed witness-certificates, in the teeth of the statute.

The judgment of the Circuit Court, awarding a peremptory writ of *mandamus*, is in accord with these views, and is affirmed.