# Harold *v.* Herrington.

*Mandamus to County Treasurer.*

1. *Fine and forfeiture fund; constitutionality of law changing disposition of, as against registered claims.*—The fund arising from fines and forfeitures in the several counties is the creature of statute, and is subject at all times to legislative control, as to the claims to be paid out of it, their preferences, and other conditions of payment; and the holder of claims, which have been duly registered under existing statutes, does not thereby acquire such a vested right to share in the fund as to exempt the claims from a subsequent statute changing the priority and mode of payment.

2. *Same; act of Feb. 9th, 1891, regulating fund in Conecuh and Escambia counties.*—The statute approved February 9th, 1891, "to regulate the fine and forfeiture fund of Conecuh and Escambia counties, and the disposal of moneys arising from fines, forfeitures and convict labor in said counties" (Sess. Acts 1890-91, pp. 494-5), which requires that the money belonging to the fund shall be held subject to the order of the County Commissioners, that they shall advertise for bids from the holders of claims, and award the money to the highest bidder, is not violative of any rights acquired by the holders of claims which, by being duly registered under former statutes, had acquired a priority or preference over claims subsequently registered, nor otherwise unconstitutional.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN P. HUBBARD.

The appellant in this case, Andrew Harold, presented his petition to the presiding judge of the circuit, asking for a *mandamus* directed to James Herrington, as county treasurer of Escambia, requiring him to pay, out of moneys in his hands belonging to the fine and forfeiture fund of the county, certain claims held by the petitioner, which had been duly registered prior to the 9th February, 1891, and which, he claimed, were entitled to payment because all claims previ-

[Harold v. Herrington.]

ously registered had been paid, and there was money in the treasurer's hands sufficient to pay them. The defendant admitted the facts stated in the petition, and justified his refusal to pay the claims on the statute regulating the disposition of the fund in Escambia and Conecuh counties, which made a different disposition of it.—Sess. Acts 1890-91, p. 494. On the hearing, the facts being admitted, the court sustained the constitutionality of said statute, and dismissed the petition. The petitioner excepted to this ruling, and he here assigns it as error.

DAVISON & McGOWAN, for appellant, cited *Fisk v. Police Jury*, 116 U. S. 131 ; 3 Brick. Digest, 128, § 37.

McCLELLAN, J.—The fine and forfeiture fund of the several counties arises, under statutory provisions, from the administration of criminal laws, is of itself, indeed, the creature of statute, and is subject to the control of the legislature, in such sort that "the claims to be paid out of it, their preferences, and the conditions of payment, may be modified or changed by the General Assembly."—*Sessions & Leary v. Boykin*, 78 Ala. 328 ; *Herr v. Seymour*, 76 Ala. 270. In the exercise of its unquestionable authority in this behalf, the legislature has seen proper to devote this fund, in most of the counties, exclusively to the payment of witnesses' and officers' fees for services rendered in criminal cases, where the cost can not be made out of the defendant ; but it was in nowise incumbent on the law-makers to devote the fund to these purposes, and neither officers or witnesses would have any legal ground of complaint, if the whole of it should be devoted to other ends, as a part of it is in some instances. See *Stone v. Ames*, 91 Ala. 644. Nobody has, or can have, a vested right to share in or be paid out of the fund, since the right so to do, when it is accorded by the legislature, is a matter of mere grace and expediency. And all services performed by officers or witnesses, at a time when compensation therefor may be paid out of the fund in the event it is not collected from defendants, in causes in which the services are rendered, must be held to have been performed in recognition of the General Assembly's plenary power to so change existing statutory provisions as to withdraw the fund from application to such claims altogether, or to provide a different mode for such application, and make the right to share therein depend upon other conditions which might involve a *pro rata* distribution in lieu of payment in full in the order in which claims are registered.

[Bromley v. Birmingham Mineral R. R. Co.]

These considerations, and the authorities cited, lead us to the conclusion, that the Circuit Court properly sustained the constitutionality of the act of Feb. 9, 1891, which provided a different method from that which had theretofore obtained for the disposition of the fine and forfeiture fund of Escambia county, and, of consequence, denied appellant's petition for *mandamus* to compel the county treasurer to pay certain claims held by petitioner, as required by statutes which in this respect were repealed by the act referred to; and its judgment is affirmed.