# Alston v. Yerby, et al.

*Action on Official Bond of County Treasurer.*

1. *Witness certificate; by whom certified.*—Where a witness before
the grand jury receives a certificate from the foreman that he is en-
titled to a named sum as such witness, and the clerk of the court
certifies that the State failed on such prosecution, this is not suffi-
cient to make the certificate a valid claim against the county under
Code § § 4887-4889.

2. *Same; fine and forfeiture fund of Tuscaloosa county.*—Under the
act "To regulate the fine and forfeiture fund of Tuscaloosa county,"
approved February 16th, 1883, a witness certificate to be a valid claim
against that fund must be issued by the clerk of the court, from data
furnished by the official list and book filed with him by the foreman
of the grand jury.

APPEAL from Tuscaloosa Circuit Court.

Tried before Hon. S. H. SPROTT.

This was an action brought by the appellant against
the appellee and the sureties on his official bond as
treasurer of Tuscaloosa county, and sought to recover
for a breach of official duty in failing and refusing to
pay certain witness certificates owned by the plaintiff.
The defendants demurred, and the only question raised
by the record was whether the certificates and endorse-
ments thereon were sufficient to be a claim against the
fine and forfeiture fund of the county. One certificate, with
endorsement, was set out in the complaint, and it was
alleged that the others were identical, with the exception
of the name of the witness and the amount due.

The certificate set out was as follows : "Circuit court of
Tuscaloosa county May 23, '93. I hereby certify that
Henry Alston has attended as a witness before the grand
jury one day at $1.50 per day $1.50 for which he is en-

[Alston v. Yerby, *et al.*]

titled to one dollar and fifty cents. Given under my hand this 23rd day of May, 1893. Frank S. Moody, foreman grand jury." This was endorsed "State of Alabama, Tuscaloosa county. I hereby certify that the State failed in this prosecution. Aug. 17, 1894. E. R. King, clerk circuit court." The defendant demurred to the complaint on the ground that the certificate was not sufficient to make a claim against the defendants.

The demurrer was sustained and the plaintiff appealed.

JONES & MAYFIELD for appellant.

FOSTER & OLIVER, *contra*.

HEAD, J.—Section 4349 of the Code provides that the foreman of the grand jury must keep a list of all witnesses summoned and in attendance before the grand jury, and shall give to each of such witnesses, a certificate, stating the number of the case in which such witness attended, the number of days of his actual attendance, the number of miles travelled by him and the amount due him; and each of such items the foreman shall enter in a book kept for that purpose; and such book and list, certified by the foreman to be correct, must be by him returned into court, and by the clerk filed and kept as a part of the records of such court. Section 4887 provides: "That the fees of witnesses subpoenaed on the part of the State to appear before the grand jury, or before any court in which a criminal prosetion is pending, must be taxed against the defendant, if he is convicted, or against the prosecutor when the costs are imposed on him; but if the defendant is not convicted, and the costs are not imposed on the prosecutor, or if the indictment is withdrawn and filed, or the prosecution abated by the death of the defendant, or if the costs are imposed on either the defendant or the prosecutor, and an execution against him for the same is returned "no property found," or if no indictment is found by the grand jury before whom the witnesses appear, or if a *nolle prosequi* is entered in the case, such fees must be paid by the county in the manner specified in section 4889." That section (4889 provides, that; "It is the duty of the clerk of the court to issue a certificate to each witness appearing on the part of the State, stat-

31

[Alston v. Yerby, *et al.*]

ing therein the amount of compensation to which he is entitled, and the facts which, under the provisions of section 4887, made it a good claim against the county, which certificate is receivable in payment of any debt due to the county for fines and forfeitures, and payable by the treasurer out of any fines and forfeitures in the county treasury." In *Herr v. Seymour*, 76 Ala. 270, we construed these provisions. There the plaintiff, Seymour, sued the county treasurer for his refusal to pay, among other claims, certain witness certificates which had been issued by the foreman of the grand jury, under section 4349, above, in substance set out. These certificates were endorsed "State failed," to which the name of the clerk was signed. In this shape, they were presented to the treasurer for payment, who declined to pay them because they were not the certificates of the clerk; hence the suit. We held, the position taken by the treasurer was correct. Reading together the provision of section 4349, requiring the book and list therein required to be kept and certified by the foreman of the jury to be returned into court, and by the clerk filed and kept as a part of the records of such court, and the provisions of 4887 and 4889, prescribing, in express terms, how and by whom the claims of state witnesses, including those witnesses who appeared before the grand jury, as well as those who appeared before the court, shall be certified to the treasurer for payment, we thought, and still think, that the certificate of the clerk, as the statute provides, was the only authentication of the claims which the treasurer could lawfully recognize. The list and book filed with the clerk, and made a part of the records of the court, in connection with the other records of his office, gave him official information of all the facts necessary to enable him to make the necessary certificate. The certificates required to be issued by the foreman, to witnesses attending before the grand jury, were intended to subserve other purposes than affording authority to the treasurer to pay the fees, upon the happening of the statutory contingencies which render such fees proper charges against the fine and forfeiture fund. We are not disposed to depart from the ruling in *Herr v. Seymour, supra.*

We cannot agree with the counsel for appellant, that the act "To regulate the fine and forfeiture fund of Tus-

[Tenn. Coal, Iron & R. R. Co, v. Tutwiler.]

kaloosa county," approved February 16, 1883, (Acts 1882–3, p. 376), has the effect to change the rule above re-affirmed. The provision of this act, requiring the treasurer to keep an account showing all witnesses tickets registered, by what person, from what court, or whether from the grand jury, and the date of the issuance of said tickets and amount thereof," was not intended to change the means prescribed by existing law for the certification to the treasurer of the correctness of witness fees. The clerk's certificate issued to a grand jury witness, from the data furnished by the official list and book filed with the clerk by the foreman, must necesssarily show the fees claimed were for attendance before the grand jury, thus enabling the treasurer to keep the account so required by the special act. If the construction placed upon the provision by appellant's counsel be correct, the treasurer would be required to register and pay all certificates issued by the foreman of the grand jury, without regard to whether or not the contingencies, or either of them, prescribed by section 4887 of the Code, had happened, upon which the fees become charges against the county; for, surely, there is no provision of the law which authorizes the clerk to supplement or complete the certificate of the foreman, by indorsing thereon the fact that one of the contingencies mentioned has happened, or otherwise. So it is, that if the foreman's certificate must be registered and paid by the treasurer, it must be done without any certification, from any source, that a fact exists which, under the statute, makes it a charge against the county. The present case being precisely the same as *Herr v. Seymour, supra,* and unaffected by the special act, the judgment of the circuit court must be affirmed.