# Scruggs v. The State.

*Indictment against Public Officer for Purchasing Claims against the County.*

1. *Public officer; clerk of probate judge.*—The clerk of a probate judge, appointed under sub-division 6 of section 795 of the Code, as amended by act approved February 12, 1893 (Acts 1892-93, p. 1190), and who gave bond and qualified as such clerk by taking the oath prescribed by the amendatory act, is a public officer within the

[Scruggs v. The State.]

meaning of the statute (Code, § 3931), which forbids any public offi-
cer from purchasing, dealing or trafficing "in any claims payable out
of the county treasury, or out of the fine and forfeiture fund of the
county."

2. *Claims against a county; grand jury ticket is one.*—A witness
certificate, commonly called a grand jury ticket, issued by the fore-
man of the grand jury to a witness for attendance upon the grand
jury, under section 4349 of the Code, is a claim against the fine and
forfeiture fund of the county within the meaning of the statute
(Code, § 3931) providing that any public offi·er who purchases or deals
in any "claim payable out of the county treasury, or out of the fine
and forfeiture fund of the county," shall be fined.

3. *Purchase of claims against county by public officer; each purchase
an offense; election.*—The statute (Code, § 3931) prohibits a single
purchase by a public officer of any claim payable out of the county
treasury, or out of the fine and forfeiture fund of the county, and
each separate purchase by a public officer of such a claim is a viola-
tion of the statute; and where an indictment under said statute avers
in a single count more purchases than one, the State should be re-
quired to elect on which offense it will proceed, and if there is
charged but a single offense, it is error to admit evidence, against
defendant's objection, of other purchases than the one averred.

APPEAL from the Circuit Court of Morgan.
Tried before the Hon. HENRY C. SPEAKE.

The appellant was tried and convicted under the fol-
lowing indictment: "The grand jury of said county
charge that before the finding of this indictment that
John D. Scruggs, being at the time a public officer of
said county, directly or indirectly, by himself or through
another, purchased, dealt or trafficed in a claim or
claims payable out of the county treasury of said county;
or a claim or claims payable out of the fine and forfeiture
fund of said county of Morgan, and said claim or claims
were not taken in good faith in payment of a debt due him,
against the peace and dignity of the State of Alabama."

On the trial of the cause, as is shown by the bill of ex-
ceptions, the State introduced one Sterling Cross as a
witness, who testified that prior to the finding of the in-
dictment, he sold to the defendant a grand jury ticket,
and that the sale was not in payment of a debt due the
defendant, but was for cash, and that at the time of this
sale, the defendant was a clerk in the office of the judge
of probate of Morgan county.

The State also introduced one John B. Sparkman,
who testified that he had also sold to the defendant a

grand jury ticket, which was signed by the foreman thereof and payable out of the fine and forfeiture fund of the county, and that the sale was not made in payment of any debt due the defendant, but was sold for cash. The defendant objected to the testimony of the witness Sparkman, and moved to exclude it from the jury, on the grounds : first, that it was an attempt to set up an offense committed at a different time from that laid by the State as shown by the witness Cross; and, second, that it was evidence of acts committed at a different time from those testified to by the witness Cross. The court overruled the objection and motion, and the defendant duly excepted. Thereupon the defendant moved the court to require the State to elect as to which time or offense it would rely on for conviction. The court overruled this motion, and the defendant duly excepted. The other evidence is sufficiently stated in the opinion.

The court in its general charge to the jury instructed them, among other things, as follows : "That if they believed the evidence beyond a reasonable doubt they must find that the defendant, at the time he purchased the grand jury tickets from the witnesses Cross and Sparkman, was a public officer of the county and was amenable to the provisions of the Code of 1886, section 3931." To this portion of the court's oral charge the defendant duly excepted, and also separately excepted to the court's giving at the request of the State the following written charges : (1.) "If you believe the evidence in this case beyond a reasonable doubt, you must find for the State, and in that event your verdict would be we, the jury, find the defendant guilty." (2.) "If you believe the evidence in this case beyond a reasonable doubt, you must find the defendant guilty." The defendant requested in various forms the general affirmative charge in his favor, and separately excepted to the court's refusal to give each of such charges, and also separately excepted to the court's refusal to give each of the following charges : (8.) "I charge you, that from the evidence in this case, the defendant was not a public officer, as understood by section 3931 of the Code of 1886." (9.) "I charge you that the defendant was the agent or employé of Jas. E. Peck, his employer, and not of Morgan county or of Alabama."

J. J. CALLAHAN, for appellant.

WILLIAM C FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted for a violation of section 3931 of the Criminal Code. which reads as follows : "Any public officer, who, directly or indirectly, by himself or through another, purchases, deals or traffics, in any manner whatever, in any claim payable out of the county treasury, or out of the fine and forfeiture fund of the county, must, on conviction, be fined for each offense not less than ten, nor more than fifty dollars ; but nothing contained in this section prevents any officer from receiving in good faith any county claim in payment of a debt due him. This section must be given in charge to the grand jury ; and the solicitor is required to summon the county treasurer before the grand jury to give evidence against any one for a violation of this section."

The first question for consideration is, whether the defendant was a public officer within the meaning of the statute. The evidence shows that he was a clerk of the probate judge, appointed under and by virtue of sub-division 6 of section 795 of the Code, as amended by statute of February 21st, 1893, (Acts 1892-93, p. 1190), and that he had given bond and qualified by taking the oath prescribed by the statute. A mere reading of the statute is sufficient, without argument, to show that the defendant is a public officer. He has not only ministerial duties to perform, which are prescribed by statute, but judicial authority and power is expressly conferred on him by the statute. His power is but little less than that of the judge himself.

The evidence shows that a witness certificate, commonly designated a grand jury ticket, which had been issued by the foreman of the grand jury to a witness under section 4349 of the Criminal Code, was purchased by the defendant, and the question next for consideration is, whether such ticket is a "claim" within the meaning of section 3931, *supra*. Section 4349 reads as follows : "Witnesses before the grand jury may be sworn by the solicitor or foreman, and a list of all witnesses summoned, and in attendance before such jury during each term, must be kept by the foreman ; and he shall give to

[Scruggs v. The State.]

each of such witnesses a certificate, stating the number of the case in which such witness attended, the number of days of his actual attendance, the number of miles travelled by him *and the amount due him;* and each of such items the foreman shall enter in a book kept for that purpose; and such book and list, certified by the foreman to be correct, must be by him returned into court, and by the clerk filed and kept as a part of the records of such court.''

Section 4887 reads as follows: ''The fees of witnesses, subpœnaed on the part of the State to appear before the grand jury, or before any court in which a criminal prosecution is pending, must be taxed against the defendant, if he is convicted, or against the prosecutor when the costs are imposed on him; but if the defendant is not convicted, and the costs are not imposed on the prosecutor, or if the indictment is withdrawn and filed, or the prosecution abated by the death of the defendant, or if the costs are imposed on either the defendant or the prosecutor, and an execution against him for the same is returned 'no property found,' or if no indictment is found by the grand jury before whom the witnesses appear, or if a *nolle prosequi* is entered in the case, such fees must be paid by the county in the manner specified in section 4889 (4460).''

These sections were considered by this court in the case of *Herr v. Seymour*, 76 Ala. 270, and in *Alston v. Yerby*, 108 Ala. 480. The questions in those cases were whether the treasurer was authorized to pay upon presentation of the witness certificate or ticket endorsed thereon by the clerk, "that the State had failed in the prosecution," &c., or whether under section 4889, it was necessary that the clerk should issue a certificate, according to the provisions of that section, to make it a claim that the treasurer was required to pay. We held in both cases that the treasurer was not authorized to pay certificates of the foreman of the grand jury, issued to witnesses, and that he could not be held liable for refusing to pay them. Neither of these decisions considered the section under which this indictment was preferred, or determined what constituted a claim within its provisions. What we said in those cases must be construed with reference to the question presented in the cases. We have no doubt of their correctness. It will be seen that

by section 4349, *supra*, the foreman is required "to give to each of such witnesses a certificate, stating the number of the case in which such witness attended, the number of days of his actual attendance, the number of miles travelled by him, *and the amount due him*." We italicize. The foreman is required to enter in a book kept for that purpose a list of these items, which must be returned into court, and by the clerk kept and held as a part of the records of such court. By section 2841 of the Civil Code and section 4886 of the Criminal Code, witnesses are allowed as fees and compensation a specified amount *per diem*, and for mileage. When the witness appears before the grand jury, in obedience to a proper summons, and is examined as a witness, he has a claim for the amount allowed him by law for such services, or for such attendance. The certificate issued to him by the foreman, is the evidence of the claim and of the amount due him. The clerk also is furnished, by the book returned into court, with the evidence of this claim. It is a claim against the fine and forfeiture fund, made so by statute, but whether it will be paid eventually out of that fund, depends upon certain contingencies. If the party against whom the witness is summoned is indicted and convicted, the amount is taxed as against him, and if collected, it is a satisfaction of the claim. If execution issues and returned "no property," the holder may proceed to enforce his claim against the fine and forfeiture fund. If the grand jury finds "no bill," the holder may at once proceed to enforce his claim. The fact that the treasurer is not authorized to pay it, except upon the certificate of the clerk, in no way affects the validity of the claim. We have no doubt that upon the refusal of the clerk to issue a certificate to the witness in a proper case, he could be compelled to do so, and the right of the party to this remedy is based entirely upon the fact that he has a claim against the fine and forfeiture fund.

The statute prohibits a single purchase of any such claim. Each separate purchase, against its provisions, is a violation of the statute. There is but a single count in the indictment. If it charges but a single offense, it was error to admit evidence, against the objection of the defendant, of other offenses. If we were to hold that it charges in the alternative more offenses than one, after

the State had closed its evidence, the defendant had the right to require the State to elect for which of the acts it would claim a conviction. In either view the court erred, as it overruled the motion of the defendant to require an election, and admitted the evidence against the objection of the defendant. There are exceptions to the general rule, that evidence of other violations of law, than the one for which the party is being tried, is inadmissible, but there is nothing in the present record to bring the case within the exception.

The question as to whether the particular offense is described with sufficient definiteness, is not raised, and we will not pass upon it.

Reversed and remanded,