# Shell *v.* Beeland, Treasurer, &c.

## Application for Mandamus.

1. *Fine and forfeiture fund; constitutionality of law changing method of payment.*—The fund arising from fines and forfeitures in the several counties in the State is the creature of statute, and is subject at all times to legislative control as to the claims to be paid out of it, their preferences and other conditions of payment; and the holder of claims which have been duly registered under existing statutes, do not acquire such a vested right to share in the fund, as to exempt the claims from a subsequent statute changing the priority and mode of payment.

2. *Same; act of February 18, 1895, regulating fund in Butler County.*

[Shell v. Beeland, Treasurer, &c.]

The statute approved February 18, 1895, "to regulate the fine and forfeiture fund in Butler county and to dispose of money arising from fines, forfeitures and convict labor in Butler county," (Acts, 1894-95, pp. 767-769), requiring that the money belonging to the fund shall be held subject to the order of the county commissioners, that they advertise for bids from the holders of claims and award the money to the highest bidder, is not violative of any rights acquired by the holders of claims which, by being duly registered under former statutes, had acquired a priority or preference over claims subsequently registered; nor is such statute repealing the former act relating to claims against the fine and forfeiture fund otherwise unconstitutional.

APPEAL from the Circuit Court of Butler.

Tried before the HON. JOHN R. TYSON.

The appellant, W. F. Shell, filed a petition addressed to the Judge of the Second Judicial Circuit, in which he averred the following facts: That he was the owner of certain claims against the fine and forfeiture fund of Butler County, as was evidenced by the certificate of the Probate Judge of said county, issued to him and dated February 11, 1890; that he had filed said claim for registration with the Treasurer of Butler County, in strict compliance with the provisions of the Act approved March 1, 1881 (Acts of 1880-81, pp. 208-209); that on November 10, 1897, he made demand upon James T. Beeland, as Treasurer of Butler County, for the payment of said claims, and said treasurer refused payment thereof.

It was further averred in the petition that the claims had been presented, certified and registered under and as required by the act of the General Assembly, approved March 1, 1881.

The prayer of the petition was that a *mandamus* be issued, directed to James T. Beeland, Treasurer of Butler County, and requiring him to pay said claim of the petitioner out of the fine and forfeiture fund, as required under the Act approved March 1, 1881.

There was attached as exhibits to the petition the certificate of the probate judge, reciting the amount due the petitioner, and the Act approved March 1, 1881, referred to in the petition.

James T. Beeland, as Treasurer of Butler County, filed his answer in which he admitted that on November 10, 1897, the petitioner made demand upon him for payment of the registered claims as set forth in his petition, and that payment thereof was refused by him. It was then averred in the answer that the petitioner had no right to make demand upon the respondent, as treasurer, for the payment of his registered claims out of said fine and forfeiture fund, on November 10, 1897, or at any time since January 1, 1896; that the act approved March 1, 1881, (Acts of 1880-81, p. 209) under which the petitioner alleges he made said demand upon the respondent, was repealed by the act of the legislatrue, approved February 18, 1895 (Acts of 1894-95, pp. 767-769); that said last named act went into effect by its terms on January 1, 1896, and has been since that time, and was, at the time of the filing of the answer, the law governing and regulating the fine and forfeiture fund of Butler county; that under said last named act of the legislature, the respondent has no authority to pay a petitioner his demand out of the fine and forfeiture fund, except on the warrant of the Commissioners Court issued in pursuance of said act; and that the petitioner has neither received such warrant nor presented such warrant to respondent. There was attached as an exhibit to the answer, the act approved February 18, 1895.

On the hearing of the cause, the court rendered a decree refusing to issue the writ of *mandamus,* and dismissing the petition. From this decree the petitioner appeals, and assigns the rendition thereof as error.

A. A. WILEY and CHAS. WILKINSON, for appellant.— The act of the legislature approved February 28, 1895, (Acts of 1894-95, pp. 767-769) is unconstitutional as infringing the obligations of a contract.—*Ex parte Pollard,* 40 Ala. 101; *Van Hoffman v. Quinsy,* 71 U. S. 535; *Seibert v. Lewis,* 122 U. S. 284.

LANE & CRENSHAW, *contra.*—The act of February 18th, 1895, which went into effect, by its terms, on

January 1st, 1896, repealed the act of March 1st, 1881, and appellant's petition for *mandamus* is without merit or law to sustain it. To sustain the contention that there was error in the refusal to grant the writ and dismissing the petition of appellant by the Judge below, would involve the necessity of overruling the following cases: *Harold v. Herrington*, 95 Ala. 395, *Sessions & Leary v. Boykin*, 78 Ala. 328, *Herr v. Seymour*, 76 Ala. 270 and *Stone v. Ames*, 91 Ala. 644.

DOWDELL, J.—The only question in this case is as to the constitutionality of the act approved February 18th, 1895, (Acts, 1894-95, pp. 767-769) regulating the fine and forfeiture fund of Butler County. An act in all substantial respects identical with this one, was held by this court, in the case of *Harold v. Herrington*, 95 Ala. 395, to be constitutional. Under the authority of that case, and the authorities there cited, the judgment of the circuit court in the present appeal must be affirmed.

Affirmed.