# Ryan, Treasurer, *v.* Collins.

## Mandamus.

### (Decided April 13, 1916. 71 South. 690.)

1. Fines; Disposition; Witness Fee.—Under § 6664, Code 1907, a certificate for a witness fee, signed by the foreman of the grand jury, and endorsed by the clerk of the court showing that the state failed to convict in that case, shows that the owner of the certificate was entitled to payment by the treasurer of the county; the clerk's endorsement being in compliance with § 6666, Code 1907.

2. Same.—Under § 6888, Code 1907, the fines paid by persons convicted of misdemeanor became a part of the fine and forfeiture fund, and could be

[Ryan, Treasurer, v. Collins.]

devoted to paying fees of state witnesses, notwithstanding the provisions of Local Acts 1911, p. 91, and the contention of the treasurer that the fines paid by misdemeanor convicts should be devoted to the public roads.

APPEAL from Morgan County Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Application by F. M. Collins for mandamus to T. R. Ryan, as treasurer of Morgan county, to compel him to pay the amount due on a witness certificate. From a decree granting the writ, the treasurer appeals. Affirmed.

The following is the certificate directed to be set out:

Grand Jury Certificate.

The State of Alabama, Morgan County.

Jim Garth

The State v. Grand Jury.   No. 777.

Law and Equity Court, Spring Term, 1912.

Having proved attendance as a witness before the grand jury at said term, one day and for miles traveling to and from court, is entitled therefor to ———

two ——— dollars.

> 2 days at $1.00 per day, $2.00
> miles, at 5 cts., per mile, $ none.

W. A. Boger, Foreman.

The above and foregoing certificate was certified as a claim or charge against the fine and forfeiture fund by the clerk of the Morgan county law and equity court,. and was duly filed by T. R. Ryan, as county treasurer of Morgan county, Ala., as shown by the following indorsements appearing on the back thereof, to-wit:

The State of Alabama, Morgan County, Circuit Court.

The state failed to convict in this case.   ·

. A. S. Blackwell, Clerk.

1-18-13.

File No. 2694.   Filed in my office Feb. 24, 1913.

T. R. Ryan, County Treasurer.

Paid No. ———                        ·               F. M. Collins.

SAMPLE & KILPATRICK, for appellant.  W. H. LONG, JR., for appellee.

GARDNER, J.—By this proceeding petitioner (appellee here) seeks by mandamus to compel appellant, as treasurer of Morgan county, to pay the amount due on a witness certificate

issued to one Garth by the foreman of the grand jury of the law and equity court of Morgan county, and which certificate is owned by the petitioner. The certificate, with the indorsement of the clerk of the court thereon, is made an exhibit to the petition and will be set out in the report of the case.

(1) One of the assignments of demurrer takes the point that the petitioner shows no right for an order commanding respondent to pay the amount due, in that no facts are averred to show that it had been properly certified as required by law, so as to require its payment out of the fine and forfeiture fund of the county. The demurrer was overruled.

Section 6664 of the Code of 1907, which is but a codification of the act of December 7, 1896 (Acts 1896-97, p. 81), reads as follows: "The foreman of the grand jury shall issue certificates to all witnesses examined before the grand jury, and such certificates may become claims against the fine and forfeiture fund in the same manner as witnesses certificates issued to state witnesses by the clerk of the court."

The authorities relied upon by counsel for appellant (*Herr v. Seymour,* 76 Ala. 270) ; *Alston v. Yerby,* 108 Ala. 480, 18 South. 559; *Scruggs v. State,* 111 Ala. 60, 20 South. 642), were cases arising before the enactment of the above-cited statute. This statute was doubtless enacted to meet these decisions, and we think it quite clear that the certificate of the foreman of the grand jury was in full compliance with said section 6664 of the Code, and the indorsement thereon, as shown by the clerk, was a substantial compliance with section 6666, Code 1907, and that the demurrer was properly overruled.

(2) The next insistence to be considered is one involving the meritorious question on this appeal. The appellant contends that he had, as treasurer of Morgan county, the sum of $2,000 paid to him by the clerk of the circuit court, which sum was the aggregate of numerous fines imposed against defendants convicted of misdemeanors; that these defendants were sentenced to work out the fines on the public roads of the county; and that after such fines were imposed the defendants, instead of performing said labor and in lieu thereof, paid the fines in money to the clerk. It further appears that by a local act approved March 11, 1911, all the county convicts of Morgan county are required to be worked on the public roads of that county, and the commissioners court is required to see that this is done. It is therefore the insistence of

[Ensley Motor Car Co. v. O'Rear, Treasurer.]

counsel for appellant that once the hard labor sentence is imposed the convict becomes subject to hard labor for the county on its public roads, and that, should he discharge this sentence of labor, no payment would be made or passed to the fine and forfeiture fund of the county. It is argued, therefore, that after he has once become subject to work the road, and then pays his fine, the money should go to the benefit of the public roads just as would his labor had the fine not been paid.

We cannot concur in this contention. All fines go to the county.—Code 1907, § 6888. It is conceded that, while the fine and forfeiture fund is a county fund, yet the manner of its disposition resides in the Legislature, and the commissioners' court has no control over it.—*Sanders v. Court County Com'rs*, 117 Ala. 543, 23 South. 788. The provisions of the Code above cited disclose that the Legislature has prescribed how this fund shall be disbursed. There is nothing in the local act above referred to which in any manner conflicts with any of the general provisions as to this fund.

It results that the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.