# Brown *v.* Sanders, Superintendent, &c.

### *Application for Mandamus.*

1. *Public Schools; Statutes.*—The act of the legislature, (General Acts, 1903, p. 289), providing for ahe re-districting of the public schools of the State, has no application to a school situated in a territory which had been previously made a separate school district, as said act expressly excludes such schools from its operation.

APPEAL from Pike Law Court.
Heard before the Hon. A. H. OWENS.

This was an application for a writ of mandamus, filed by the appellant, J. C. Brown, against the appellee, J. M. Sanders, as county superintendent of education, and sought to have him ordered to pay to the petitioner a salary as teacher of the public school at Baltic, a school district of said county, according to a contract entered into by him as such. The petition averred that, under the provisions of an act of the legislature, approved September 30th, 1903, a board called the "Redistricting board," established a school district, which they des-

ignated as the "Baltic District," but that the trustees of the district refused and failed to locate a school in such district, or appoint a teacher therefor. That on such failure the county board of education established such school, appointed the petitioner as teacher thereof, and entered into a written contract with him for his services as such, and that, though he had complied with his part of such contract, the respondent, as superintendent of education of Pike county, refused to pay the applicant his salary.

On the hearing, the court denied a peremptory writ, and the applicant takes this appeal.

D. A. BAKER, for appellant.

FOSTER, SAMFORD & CARROLL, for appellee.

ANDERSON, J.—The school taught by the relator is located within the territory described in the act of 1884-85, page 454, making the same a separate school district.

Section 19 of the act of 1903, page 294, says: "The provision of this Act shall not apply to any county heretofore districted by law and which has a special levy from the county for the support of the public schools or *to school districts heretofore established by law.*"

Since the district in which the school in question is located was established before the passage of the last mentioned act, it has no application to said district and the county board of education had no authority to select the relator as a teacher for that school, or to enter into a binding contract in reference to a school in said district. The relator has not made out a case that would entitle him to the relief sought.

The judgment of the court below is affirmed.

McCLELLAN, C. J., TYSON and SIMPSON, JJ., concurring.