[State, ex rel. Tubbs, et al. v. White, et al.]

# State, *ex rel.* Tubbs, *et al.* v. White, *et al.*

## *Quo Warranto.*

(Decided Feb. 18, 1909.   Rehearing denied April 16, 1909.
49 South. 78.)

1. *Statutes; Repeal; Implication.*—The doctrine of repeal by implication is not favored by the courts and will be applied only where there is such repugnancy between the two statutes that they cannot consistently stand together.

2. *Same; Special by General Act.*—Mere inconsistency in the provision of a special former statute and a later general one is not enough to authorize an implication that the older special statute was repealed by the later general one; hence, general Acts 1903, p. 289, as amended by General Acts 1907, p. 482, section 6, did not repeal by implication the special act (Local Acts 1896-7, p. 514) creating a separate school district, nor was such special act affected by the Municipal Code Act, (General Laws 1907, p. 378), since by said special act the special school district as a town was taken out of the general class of towns affected by the Municipal Code Act in section 175.

3. *Schools and School Districts; Officers; Tenure.*—Under Local Acts (1896-7, p. 514) the school board have a life tenure of office, conditioned only on their residence within the district.
(McClellan, Jr., dissenting.)

APPEAL from Hale Circuit Court.

Heard before Hon. B. M. MILLER.

Quo warranto proceedings in the name of the state on the relation of W. R. Tubbs, and others against R. A. White and others to oust them as members of the school board in a certain school district.   Judgment for respondents and relators appeal.   Affirmed.

THOMAS E. KNIGHT, for appellant.—Counsel discusses the various statutory provisions relative to public schools and the management thereof, together with the municipal code act appertaining thereto and insist that the special laws creating separate districts were repealed by the general laws on the subject.

DEGRAFFENRIED & EVINS, for appellee.—Counsel refer to and comment upon the statutory provisions relative to the matter in hand and insist that the separate school districts were not repealed by the general or municipal code laws.

DOWDELL, C. J.—This is a proceeding in the nature of quo warranto, brought by the relators against the respondents, to oust them from the office of school trustees which they are alleged to be unlawfully usurping. The case was tried in the court below on an agreed statement of facts, and thereupon judgment was rendered in favor of the respondents, appellees here. From this judgment the relators (appellants) prosecute the present appeal.

The claim of the appellees to the office-from which they are sought to be ousted is based upon a special act of the legislature, approved February 3, 1897 (Loc. Acts 1896-97, p. 514), entitled "An act to create township nineteen, range five, Hale county, Alabama, a separate school district, to incorporate the same and define its powers and duties, and to provide for the maintenance and management of the public schools of said district." The insistence of the appellants is that the special law in question, under which the appellees assert their claim to office, has been repealed by a subsequent general law; the general law, referred to as repealing the special law in question, being an act of the Legislature approved July 17, 1907 (Gen. Acts 1907, p. 478), amendatory of the act approved September 30, 1903 (Gen. Acts 1903, p. 289). Neither the original act of September 30, 1903, nor the act of July 17, 1907, amendatory thereof, contains any express provision of repeal or a general repealing clause. The question here presented, therefore, is one of repeal by implication.

Repeal by implication is regarded with disfavor by the courts, and the doctrine of implied repeal can be invoked and applied only in case that there exists such a repugnancy between the two statutes that they cannot consistently stand together. This principle obtains, and is applied, where the two laws are general; and in case of a special law and a general law the reasons for the application of the principle are all the more cogent. It is true that, in any case, the thing to be ascertained and determined, in construing conflicting statutes, is, What was the intention of the Legislature? Where the older statute is special and the subsequent one general, mere inconsistency in the provisions of the two, alone, is not enough to imply a repeal of the older special law. The repugnancy between the two must be so glaring and irreconcilable as to clearly manifest a legislative intent to repeal; otherwise, repeal will not be implied.

In Endlich on the Interpretation of Statutes, p. 298, § 223, the doctrine is stated as follows: "It is but a particular application of the general presumption against an intention to alter the law beyond the immediate scope of the statute to say that a general act is to be construed as not repealing a particular one; that is, one directed towards a special object or a special class of objects. A general later (affirmative) law does not abrogate an earlier special one by mere implication. 'Generalia specialibus non derogant.' The law does not allow the exposition to revoke or alter, by construction of general words, any particular statute, where the words of the two acts, as compared with each other, are not so glaringly repugnant and irreconcilable as to indicate a legislative intent to repeal, but may have their proper operation without it. It is usually presumed to have only general cases in view, and not particular cases which have been already otherwise provided for by the special

act, or, what is the same thing, by a local custom. Having already given its attention to the particular subject, and provided for it, the Legislature is reasonably presumed not to intend to alter that special provision by a subsequent general enactment, unless that intention is manifested in explicit language, or there be something which shows that the attention of the Legislature has been turned to the special act, and that the general one was intended to embrace the special cases within the previous one, or something in the nature of the general one making it unlikely that an exception was intended as regards the special act. The general statute is read as silently excluding from its operation the cases which have been provided for by the special one; for, as was said of the relation of a general act to a local one applying to a single county of the state, 'it is against reason to suppose that the Legislature, in framing a general system for the state, intended to repeal a special act which the local circumstances of one county had made necessary.' The fact that the general act contains a clause repealing acts inconsistent with it does not diminish the force of this rule of construction."

Many authorities are cited in the notes by the author in support of the doctrine stated above. There are cases of our own, which may be here cited, in support of the same principle, namely.—*Iverson v. State,* 52 Ala. 170; *Magruder v. State,* 40 Ala. 349; *City Council of Montgomery v. National B. & L. Ass'n.,* 108 Ala. 336, 18 South. 816.

By the provisions of the special act of February 3, 1897, township 19, range 5, Hale county, Ala., was incorporated a separate school district, and given the name "Newbern School District," by which name it was authorized and empowered to contract and be contracted

with and to sue and be sued. It was also given other enumerated rights, privileges, and powers, relating, of course, to the purposes of its incorporation; that is to say, to school purposes. Thus it will be seen that the act, though of a public nature, was peculiarly a special law.

The act approved September 30, 1903, entitled "An act to provide for the redistricting of the public schools of the state and for the management and control of the same," was general, but contained no express provision of repeal or general repealing clause. Section 19 of this act reads as follows: "The provisions of this act shall not apply to any county heretofore districted by law and which has a special levy from the county for the support of the public schools, or to school districts heretofore established by law." These provisions of the law, though not necessary to save the special law in question from repeal by implication, would seem to have been inserted in the general act but of abundant caution on the part of the Legislature. Section 19, above set out, was amended by the act approved July 17, 1907, so as to read as follows: "Sec. 6. * * * The provisions of this act shall not apply to any county heretofore districted by authority of a special law, and which has a special levy from the county for the support of the public schools therein." It will be noted that the phrase, "or to school districts heretofore established by law" (contained in the original act), was omitted from section 19 as amended. From this it is argued that the Legislature, by such omission, manifested an intention to repeal the special law in question.

There are we think two satisfactory answers to this insistence: First, the preserving clause contained in section 19 of the original act was not necessary, as we have stated, to save the special law from repeal by im-

plication, and the omission from the amendatory act of the preserving clause did no more than to leave the act as amended just as it would have been if the preserving clause had not been incorporated into the original act, in so far as the question of repeal by implication is concerned; second, by section 4 of the amendatory act there was amended into section 16 of the original act a provision which, we think, negatives any intention or purpose to repeal the special law. Section 16 as originally enacted reads as follows: "The lines and boundaries of any school district may be changed, by a vote of a majority," etc. This section, as amended by section 4 of the amendatory act, reads as follows: "The lines and boundaries of any public school district, heretofore established by general law or any special law, may be changed," etc. If it was the purpose of the legislature, by said general act, to repeal all special laws, why was the above provision inserted in the amendatory act? We think the question answers itself.

By the provisions of the special act in question the town of Newbern, a municipality, situate in township 19, range 5, and being, therefore, within the territorial limits of said incorporated school district, and subject to all the provisions of the act relating to the public schools of said district, was, as a town, removed and taken out of that general class of towns included in, subject to, and affected by either section 7 of the amendatory act of July 17, 1907, or section 175, p. 878, of the act approved August 13, 1907, commonly known as the "Municipal Code Law." It is therefore evident that, the town of Newbern not being as a municipality within the influence of the two sections, above mentioned, of the amendatory act and of the Municipal Code law, respectively, there cannot be said to exist any repugnancy between the provisions of said special law and those of said sections.

[State, ex rel. Tubbs, et al. v. White, et al.]

Our conclusion is that the special law of February 3, 1897, was not repealed by the subsequent general laws mentioned, and it follows from this that the judgment appealed from must be affirmed.

Affirmed.

MAYFIELD and SAYRE, JJ., concur. DENSON, J., concurs in the conclusion.

SIMPSON, J.—I agree with the conclusion of the foregoing opinion, but my view of the amendatory act of July 17, 1907, is that the effect of the amendment to section 19 of the act of September 30, 1903, by striking out the last clause, was to leave all school districts, which had been created by special act, "which have a special levy from the county," unmolested by the act and not subject to its terms, but that all other school districts, created by special acts, are made subject to the provisions of the act of September 30, 1903, as amended. While this of itself does not repeal any special act, yet the special school district in question is subject to the provisions of section 16, as amended by said act of July 17, 1907, so that the county board of education may change its boundaries, etc., as provided in said section. I do not think that the mere fact that the act creating that district incorporated it and gave it special powers prevents this result.

ANDERSON, J., concurs.

## ON REHEARING.

DOWDELL, C. J.—It is now urged in brief of counsel, on application for re-hearing, that a legislative intent to repeal the special law in question, creating the Newbern school district, is manifested in the act of

[State, ex rel. Tubbs, et al. v. White, et al.]

August 13, 1907, commonly known as the "Municipal Code Law," and is expressly covered by section 200, p. 892, of said act. Section 200 provides "that all laws and parts of laws, both general and special, in conflict herewith, be and the same are hereby repealed." This is but a general provision of repeal as to laws in conflict with the act, and, as stated in Endlich on the Interpretation of Statutes (cited in our first opinion), does not alter the doctrine of repeal by implication.

In addition to what was said in our former opinion as to the strictly private character of the local act in question, we may here add that it is wholly different from those local acts which simply provide for separate school districts, to the end merely of apportioning the school fund among the particular localities, etc. Here we have a corporate entity created, with the power of acquiring the title to property and of holding and disposing of the same in its corporate name. The question may be asked, What becomes of the property owned and held by this legal entity, if the act of its creation is repealed by the application of the doctrine of repeal by implication? It would seem unreasonable to impute to the legislature an implied intention of repeal in such a case.

There is, to our minds, still another reason that is conclusive against the proposition of an implied repeal of the special act in question by the Municipal Code act. The special act contains a provision that the members of the board of education, consisting of a president and four associates, who are designated and appointed in the act, "shall hold office for and during the term of their residence within the district, and who shall have the right to fill all vacancies that may occur on such board by reason of death, resignation or otherwise," thus in effect creating a life tenure of office in the members of the board, conditioned only upon residence within the

district. It is argued by counsel, however, that this is not a life tenure. We fail to appreciate the reasoning. The only limitation put upon the holding for life is the removal of residence from the district. It could as well be said that the condition of good behavior attached to the holding of an office is such a limitation as would prevent the office from being one of life tenure.

Section 177 of the Municipal Code act of August 13, 1907 (Gen. Acts 1907, p. 879), provides as follows: "The provisions of this act, relative to public school systems, shall not apply to cities and towns in counties now having, by law, a combined city and county school system operated under a single board of education, *or where the members of the board hold office for life.*" (Italics ours). It is too plain for argument that, in the passage of the said Municipal Code act, it was not only not the intention of the legislature to repeal the special act which provided for a lifeholding of the board created by it, but, to the contrary, that it was the intention to preserve the act.

For the foregoing reasons, as well as those stated in our former opinion, the application for a rehearing is denied.

ANDERSON, J.—While I agree in the conclusion that the act of 1897 (Loc. Acts 1896-97, p. 514), was not repealed by the municipal act of 1907 (page 790), I wish to base my conclusion solely upon the ground that the district in question is expressly excepted from said act by the terms of section 177, and do not wish to be understood as holding that section 200 does not repeal all laws, general and special, in conflict with said municipal act. On the other hand, I think that said act does repeal all laws, general or special, in conflict with same; save those which are specially excepted from the operation of same

by section 177, provided, of course, the redistricting of all schools in the state is germane to said municipal law, which question we are not called upon to decide.

Nor do I think the act of 1897, authorizing the holding of office by the trustees so long as they reside in the district, violative of section 29 of the Constitution of 1901. Of course they could hold only during good behavior, but they can, nevertheless, hold for life if their behavior comes up to the constitutional requirement.

SIMPSON, J., concurs in these views.

McCLELLAN, J.—The whole question in this case, the controlling conclusion, is: Was the special act of 1897 repealed by subsequent enactment? If so, these respondents are without right to the positions as trustees of Newbern school district, which conformed, as stated, to the limits of "townships 19, range 5," in Hale county. The town of Newbern is and was an incorporation, and it lies within, but does not embrace the whole of, township 19. The general act of 1903, by section 19, exempted from its operation and effect those public school districts, among others, "heretofore established by law." This section was presented, in *Brown v. Sanders,* 144 Ala. 500, 42 South. 39, for construction, and it was there ruled that, under the provision "heretofore established by law," the "Baltic district" was exempted from the effect of the act of 1903. The legislature of 1907 amended the act of 1903 in several particulars, among them, by striking from section 19 the phrase which this court had held intervened to prevent the repeal of the special law creating the "Baltic district," enacted in 1884. I am unable to see how the conclusion can be avoided that, unless otherwise controlled, the said amendment of the act of 1903, by the elimination of the last clause in sec-

12—160

tion 19, had the direct, immediate effect to repeal the
law giving corporate existence to the Newbern district,
because that district was not within the second phase of
the condition to exemption from the effect of the general
redistricting act, viz., within a county having a special
levy for public schools. The amendment of section 19
is a nullity, unless it had that effect.

Justices Simpson and Anderson appear to entertain
this opinion, but the effect of such a conclusion is avoid-
ed by them by recurrence to the amended (in 1907) sec-
tion 16 of the act of 1903. It seems to me to be evident
that, if section 16 as amended is construed to effect the
same result as did original (before amendment) section
19 of the act of 1903, a conflict is thereby raised between
the plain intent of  the amendment of section  19 and
amended section 16. Surely, if it was the legislative
purpose, when the amendatory act of 1907 was passed,
to continue all school districts established theretofore
by law, the expression of that intention would not have
been effected by the striking of that unequivocal expres-
sion from original section 19 (act of 1903) ; and this, af-
ter the ruling made in *Brown v. Sanders,* and the re-
stating of it, in dealing with lines and boundaries only,
in amended section 16. No doubt of the purpose of the
amendment made of section 19 can, in my opinion, exist.
If the purpose of the amendment of section 19 was as
stated, it is our duty to construe other provisions of the
act so as to avoid the institution of a conflict between
any of them. To my mind, such a conflict of purpose and
acts is readily avoidable by this construction : That the
provision of amended section 16, declaring that the lines
and boundaries of any district created by general or spe-
cial law might be changed, etc., had reference to those
districts within the exemption, from the operation of
the original and amended (in 1907) act of 1903, express-

ed in amended section 19, viz., those specially created and in counties levying a special public school tax. So construed, the conflict indicated is avoided and the act is harmonious. And it may be added to the above conclusion that amended section 16 was also doubtless intended to preserve, until changed after the method therein provided, the mere lines and boundaries, not the powers and personnel of government, of all districts. This was a wise provision, because the abolition of all districts with-. out the exception of amended section 19 would have operated, if not saved by provision to the contrary, to abolish all lines and boundaries of such abolished districts.

If these views are sound, it is, of course, apparent that the amendatory act of 1907 abolished the offices now in contest, because the act of 1897, creating them, was repealed by the amendment of the act of 1893 by the legislature in 1907. But it is suggested, in the revised opinion of the Chief Justice, that the act of 1897 gave to the corporate entity of Newbern school district the right to hold property, etc., and it is asked, arguendo, whether repeal by implication should be sanctioned when no disposition of the property of the Newbern district is provided for. This argument must be based upon the assumption that the entity created by the act of 1897 owns property, since it does not appear in the record that such is the case. But, aside from that, it is too evident to be doubted that the motive, object, and purpose of the act (of 1897) was to establish a public school district. Under the terms of the act the only possible sources of income, for the district, or entity thus created, were public school funds, upon due apportionment, and the poll taxes paid in that territory. That the purpose was to create a school district, and that only, and provide its only income from public, governmental, sources, is put

beyond possible question by the fact that these trustees were required to take an oath and the position is expressly denominated an "office." It is not to be supposed, I take it, that the legislature could not repeal the act creating the entity, even if it were a private corporation, which, it seems clear to me, it is not.—Const. 1875, art. 14, § 10; Const. 1901, § 238; *Bibb v. Hall*, 101 Ala. 79-99, 14 South. 98. There were no stockholders; hence, no "injustice" could be done that class, in any event, by repeal.

Sections 176, 177, and 200 of the Municipal Code are invoked as bearing on the question stated at the beginning of the views of the writer. Section 200 is a general repealing clause of all laws in conflict with the provisions of the Municipal Code. But section 177 qualifies the general repealing clause, because section 177 expressly creates an exempt class—one exempt from the effect and operation of the Municipal Code—in these words: "The provisions of this act, shall not apply to cities and towns now having, by law, a combined city and county school system operated under a single board of education, or where the members of the board hold office for life." Investigation disclosed that the public school system of the city and county of Mobile is the only instance where the defined combined system existed in 1907, or now exists, in this state. The alternative, "or where members of the board hold office for life," further investigation discovers, is only instance in the system in force in a single city in this state. It may be a very serious question, though not now important, as I view the case, whether the term of the trustees provided in the Newbern act of 1897 was not in violation of article 1, § 30, Constitution of 1875 (section 29, Constitution of 1901). Since the act creating the Newbern district was repealed by the amendment (in 1907) of section 19 of

the act of 1903, it requires no more than concurrent reference to amended (in 1907) section 20 of the act of 1903 and section 176 of the Municipal Code to show that, whatever may be the inconsistencies, if any, between the amended act of 1903 and the Municipal Code, with respect to the source of governing power of schools in cities and towns in this state, both acts constitute towns and cities separate school districts.

In my opinion the respondents have been without legal right to exercise the powers and perform the functions assumed, as averred in the information, by them, since the amendatory act of 1907 went into effect.