(121 So. 693)

## FUQUA v. CITY OF MOBILE. (1 Div. 823.)

Court of Appeals of Alabama. June 21, 1928.

Rehearing Denied June 30, 1928. Reversed on Mandate, Jan. 22, 1929. Rehearing Denied March 19, 1929.

PER CURIAM. This court has considered this case, sitting en banc, giving careful attention to the points presented and apparent on the record. As appears from the agreed statement of facts upon which the case was tried in the lower court, the sole decisive issue involved is the constitutionality vel non of the Act of the Legislature of Alabama approved August 11, 1927 (Local Acts Ala. 1927, p. 150). We are of the opinion that said act is not subject to any of the grounds of unconstitutionality urged against it, and is, in all respects, a valid expression of the legislative will, as contained therein.

The judgment is affirmed.

Affirmed.

After Remandment by Supreme Court.

PER CURIAM. Plaintiff (appellant) is a retail merchant engaged in the transaction of business without the corporate limits of the city of Mobile, but within the police jurisdiction thereof. His business is located in the territory which was sought, by the local act approved August 11, 1927 (Local Acts 1927, p. 150), to be brought within the corporate limits of the city. By ordinance the city fixed the rate of license taxes to be paid by persons, firms, or corporations doing business within the corporate limits of the city for the year 1928, and likewise fixed the rates for doing business without the corporate limits, but within the police jurisdiction thereof. The rates fixed were the same for the two classes mentioned, except where the rate was based upon value of stock of goods on hand; and with respect to this—business the license for which was based upon value of stock of goods on hand—the license tax prescribed was one-half the amount levied against those transacting like business within the corporate limits. Under this license ordinance the defendant, city of Mobile, demanded of plaintiff, and plaintiff paid, license taxes in the sum of $93. Defendant also exacted, and plaintiff paid, an item of $29.10 as ad valorem taxes. Plaintiff, contending that these sums were unlawfully exacted, sued for their recovery. From a judgment for defendant plaintiff appealed to this court.

Two questions were presented on the appeal: First, whether the local act approved August 11, 1927, was unconstitutional and

Smiths, Young & Johnston, of Mobile, for appellant.

Vincent F. Kilborn, of Mobile, for appellee.

void: second, if said act was unconstitutional, whether plaintiff was liable to defendant for ad valorem tax, or for any license taxes, and, if so, in what amount. On original consideration of the appeal this court reached the conclusion that said local act was a valid enactment, and hence pretermitted the second question. However, the Supreme Court, on certiorari, has declared said local act to be unconstitutional and void, and has remanded the cause to this court for further consideration. It· therefore becomes necessary that we dispose of the second question above stated.

The defendant (appellee) concedes that, the local act, supra, being invalid, plaintiff is entitled to recover the amount paid by him as ad valorem taxes, but asserts its right to collect license taxes from plaintiff under authority of the act approved August 27, 1927 (Gen. Acts 1927, p. 472), section 1 of which is as follows:

"That any city in this state having a population of not less than sixty thousand and not more than one hundred and fifty thousand inhabitants, according to the last or any subsequent federal census, may fix and collect licenses for any business done or carried on within the police jurisdiction of such city, but outside of the corporate limits thereof: Provided however that *the amount of such license shall not be more than the amount charged and collected as license for like business done or carried on within the corporate limits of such city;* And provided further that if any person, firm or corporation pays a license ·for doing business within the corporate limits of such city, no additional license shall be imposed upon such person, firm or corporation for transacting the same business outside the corporate limits and within the police jurisdiction of such city: And provided further that the amount of any such license fixed and collected with respect to any manufacturing business, or *with respect to any retail store where the amount of the license is based upon the value of the stock of goods on hand, shall not exceed one-half of the amount of license fixed for the same business when transacted within the corporate limits of the city.*" (Italics supplied.)

Plaintiff (appellant) contends that the foregoing act was repealed by the act approved September 6, 1927 (Gen. Acts 1927, p. 674), and that defendant's right to license the plaintiff's business is referable to this latter act, which is as follows:

"That any city or town within the state of Alabama may fix and collect licenses for any business, trade or profession done within the police jurisdiction of such city or town and without the corporate limits thereof: Provided, however, that *the amount of such licenses shall not be more than one-half the amount charged and collected as a license for like businesses, trade or profession done within*

*in the corporate limits of such city,* fees and penalties excluded: Provided that this act shall not have the effect to repeal or modify the limitations provided by sections 2157, 2158, 2159, 2160, 2161, 2162 of the Code of Alabama of 1923, relating to railroads, express companies, sleeping car companies, telegraph companies, telephone companies and public utilities." (Italics supplied.)

In so far as plaintiff is concerned, the difference between the two enactments lies in the proportionate amount of license taxes that may be exacted of him for doing business as a retail merchant within the police jurisdiction of defendant city, as appears from the italicized portions of said enactments. The later act contains no repealing clause. If its effect is to repeal the earlier act, it must result from implication. If the two acts are so repugnant to or in conflict with each other as to require the presumption that the Legislature intended the latter to supersede the former, repeal by implication must be the verdict. But repeal by implication is not favored, and is never declared, where there is a field of operation, by a reasonable construction, for both acts. City of Birmingham v. Southern Exp. Co., 164 Ala. 529, 51 So. 159; Marengo Co. v. Wilcox Co., 215 Ala. 640, 112 So. 243; Copeland v. Dixie Const. Co., 216 Ala. 257, 113 So. 82; Ex parte Jones, 212 Ala. 259, 102 So. 234.

Nor does the mere fact of a difference between two laws justify the presumption that the Legislature intended the one to repeal the other. The instances in which special provision is made for one city, or one county, or one class of cities, or one class of counties, different from the general plan, are numerous and varied. And this suggests another settled rule of construction, namely, that special provisions are not repealed by general provisions upon the same subject. Mobile & O. R. Co. v. State, 29 Ala. 573; City of Birmingham v. Southern Exp. Co., supra; Parker v. Hubbard, 64 Ala. 203; City Council v. National, etc., Ass'n, 108 Ala. 336, 18 So. 816; State ex rel. Tubbs v. White, 160 Ala. 168, 49 So. 78; Brandon v. Askew, 172 Ala. 160, 54 So. 605; City Council of Montgomery v. ·Shoemaker, 51 Ala. 114; Pearce v. Bank of Mobile, 33 Ala. 693.

As we construe the two acts before us, they are not repugnant to or in conflict with each other; there is a field of operation for both. As stated above, the essential difference between the two is the proportionate amount that may be collected for the conduct of *some* businesses. Appellant's contention that the later act is a complete enactment upon the whole subject, and for that reason must be held to repeal the earlier act, cannot avail. The principal subject of these acts is the power of municipalities to levy and collect license taxes. This subject is embraced in

article 32, chapter 43, of the Code of 1923 (sections 2153–2173). By section 2173, forming a part of said article 32, it is provided that no municipality shall assess or collect any license or privilege tax for the conduct of any business, etc., wholly outside the corporate limits of such municipality. The major object of both acts here under consideration is to obviate the effect of said section 2173 (a part only of the article on licenses), other matters in the two acts being merely incidental.

Under the terms of the license ordinance of 1928, drawn with a view to the Act of August 27, 1927, plaintiff was liable, with respect to those items the licensing of which is based on the value of stock on hand, for only one-half the amount charged for conducting the same businesses within the corporate limits of defendant. These items aggregated, and plaintiff paid, $38. He is entitled to recover one-half that sum, or $19, which was overpaid by him, in addition to the above-mentioned ad valorem tax payment of $29.10, making a total of $48.10. The judgment of the trial court in favor of defendant was in error. That judgment will be reversed, and a judgment will be here rendered for plaintiff for said sum of $48.10.

Reversed and rendered.