(121 So. 398)

**STATE ex rel. GRACE v. SMILEY, Clerk.**
**(6 Div. 249.)**

Supreme Court of Alabama.   March 28, 1929.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellant.

Richard H. Fries, of Birmingham, for appellee.

SAYRE, J.   Appellant applied to appellee, who is clerk of the municipal court of Birmingham, First Division, for a writ of garnishment, but refused or failed to make affidavit that the demand or debt due to the defendant, which appellant as plaintiff sought to condemn was not exempt to defendant, or that it was for necessary articles of comfort and support furnished to defendant or his family and were suitable to the degree and condition in life of defendant or his family, and for nothing else. Because of this omission from the affidavit—otherwise in sufficient form, it may be inferred—appellee, as clerk aforesaid, refused to issue the writ. Thereupon appellant presented to a judge of the circuit a petition for the writ of mandamus to compel the desired action by the clerk. Demurrer to this petition was sustained, after which this appeal.

Section 1 of the Act of February 8, 1895 (Acts, p. 415), prescribed that, before any writ of garnishment could be issued by any justice of the peace or notary public ex officio justice of the peace in Jefferson county, the plaintiff must make affidavit to the facts which we have noted the refusal or failure of appellant in this cause to make. Appellant insists that by the act "to establish an inferior court in precincts 21, 37, 10, 34, 42, and 46, in Jefferson county, Alabama, and in all other precincts lying within, or partly within, the city of Birmingham," etc.,

known and designated as the municipal court of Birmingham (Loc. Acts 1915, p. 231 et seq.), with exceptions of no moment in this connection, the requirement of the act of 1895, as to affidavit in addition to the affidavit required by law in the case generally of applications for garnishment by justices of the peace, have been repealed.

We are in accord with the learned judge of the circuit. The act of 1895 had relation to the matter of writs of garnishment to be issued by justices of the peace, or notaries with like powers, in Jefferson county only. It may be safely assumed that its purpose was to prevent abuses of the writ in the great industrial center then and now located for the most part in that county, and to restrain the consequent disturbance of the relations between employer and employé, though with at least an appearance of fairness it affects all cases of garnishment within the jurisdiction of justices of the peace in that county. The act must be considered in connection with · the general exemption laws of the state. The first requirement of the section relates to cases between creditors and debtors in general; that is, debtors other than employés whose wages the writ seeks to condemn. The second requirement is to be read in connection with section 2038 of the Code of 1896 (now section 7887 of the Code of 1923), which provided that the wages of laborers or employés, to the amount of $25 a month, should be exempt from levy under writs of garnishment. The plaintiff was not required to make both affidavits, but, we may assume, only that affidavit which would meet the exigency of his case. This we say because the requirements are stated in the alternative. Speaking with reference to both members of the section, we do not find in the act that obstacle in the way of the collection of just debts which appellant appears to have found. The simple effect is require the plaintiff to anticipate a claim of exemptions, and, as prerequisite to the writ of garnishment, to make an affidavit which he would need to make in the event he would contest a claim of exemption. The necessity for a bond would arise only after a claim of exemption filed.

There is in the act of 1915 no express repeal of the act of 1895. Repeal by implication is not favored in law. Cook v. Meyer, 73 Ala. 580. It is only when two statutes are so repugnant to each other that it must be presumed that the Legislature intended that the latter should repeal the former that a repeal by implication will be found to exist; and where there is a reasonable field of operation by a just construction for both statutes, both will be given effect. Birmingham v. Southern Express Co.,

164 Ala. 529–539, 51 So. .159. We cannot find that the act of 1915, creating the inferior court in Jefferson county, was manifestly and plainly intended to repeal the special act of 1895 which dealt with the matter of garnishment only. As appellant notes in his brief, it was not decided in Mc-Gehee v. State, 199 Ala. 287–292, 74 So. 374, that in every respect an inferior court established under the authority of section 168 of the Constitution of 1901 need be fashioned in the exact pattern of a justice's court. It was there held that inferior courts "in lieu of all justices of the peace" might be made to differ, except in respect of jurisdiction as to the subject-matter of civil causes. In section 2 of the act of 1895 it was enacted that "any writ of garnishment issued contrary to the provisions of this act shall be void, and the officer issuing the same shall, on conviction, be fined," etc. It would, of course, have been competent for the Legislature to repeal this provision, but there is no language that can reasonably be interpreted as repealing this or any other part of the act of 1895. The provision is (section 1 of the act of 1915) that "said court" (the inferior court) "shall have all the powers and jurisdiction now conferred or that may hereafter be conferred both civil and criminal, upon justices of the peace." And in section 15 it was stipulated that "in all proceedings in said court the rules of law and procedure shall, in so far as applicable, be the same as those in justices (sic) of the peace in Jefferson county." The only other provision (section 36) that may be supposed to bear upon the question at issue is: "That all laws affecting or regulating the practice or procedure of courts of justices of peace shall be applicable to this court in the trial of its civil causes." This last provision may be—no doubt ought to be—construed as making the procedure · before justices of the peace generally applicable in the inferior court, unless it be otherwise provided; but section 15 of the act of 1915, quoted above, does provide otherwise. In the judgment of the court it perpetuates the provisions of the act of 1895. Certainly there is nothing in the act of 1915 in necessary or even inferable conflict with the act of 1895, and, under the rules of interpretation heretofore settled by the cases we have cited, it is very clear that the party seeking a writ of garnishment in the inferior court must comply with the requirements of that act—the act of 1895.

The judgment is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.