(128 So. 610)

**STATE ex rel. GRACE v. HICKMAN, Judge.**

6 Div. 467.

Supreme Court of Alabama.

May 29, 1930.

M. B. Grace, of Birmingham, for appellant.

Brown & Brown, of Birmingham, for appellee.

**THOMAS, J.**

Demurrer was sustained to the petition, and nonsuit was taken because of such adverse ruling, which is sought to be reviewed on appeal.

The demurrer was sustained to the petition praying for peremptory writ of mandamus to cause respondent, as judge of the municipal court of Birmingham, to make him enter an order for rule nisi to defendant Hammett, commanding him to appear and show cause why he should not be punished for contempt of court for a failure to file a list of his assets or statement of his assets under oath. It is asserted that this he was required to do under the provisions of section 7350, Code.

The demurrer was sustained on the theory that sections 7345—7350, Code, did not apply to a court created in lieu of a justice of the peace, and were only applicable to courts of law and equity divisions of the circuit court.

In the act creating the municipal court of Birmingham, "a Court of Record" (Local Acts 1915, p. 231, as amended by General Acts 1919, p. 457, § 19) is the provision that judges of the divisions thereof "may punish for contempt in cases where the judges of the circuit court can punish for contempt, by a fine not exceeding fifty dollars and by im-

prisonment not exceeding five days." Local Acts 1915, p. 235, § 9.

In article 2, c. 278 (section 7338 et seq.), Code, making general provisions as to creditors' bills in equity, are the provisions for discovery of assets of judgment debtors, sections 7348—7352, Code; the last statement being that the remedy therein provided is "cumulative" and shall be held and construed "to be in addition to any existing remedy or process now or hereafter provided by law in such cases for the discovery of assets, or the enforcement of collection of judgment." (Italics supplied.) Section 7352.

It is insisted that the court as created was in lieu of all justices of the peace (McGehee v. State ex rel. Tate, 199 Ala. 287, 74 So. 374; State ex rel. Grace v. Smiley, Clerk, 219 Ala. 119, 121 So. 398, 399); that it was taken from that class by the amendment of 1919 creating it a court of record.

In State ex rel. Grace v. Smiley, Clerk, supra, is the statement: "As appellant notes in his brief, it was not decided in McGehee v. State, 199 Ala. 287–292, 74 So. 374, that in every respect an inferior court established under the authority of section 168 of the Constitution of 1901 need be fashioned in the exact pattern of a justice's court. It was there held that inferior courts 'in lieu of all justices of the peace' might be made to differ, except in respect of jurisdiction as to the subject-matter of civil causes. * * * The provision is (section 1 of the act of 1915) that 'said court' (the inferior court) 'shall have all the powers and jurisdiction now conferred or that may hereafter be conferred both civil and criminal, upon justices of the peace.' And in section 15 it was stipulated that 'in all proceedings in said court the rules of law and procedure shall, in so far as applicable, be the same as those in justices (sic) of the peace in Jefferson county.' "

It was further held that the act of 1915 (Local Acts, p. 231) did not repeal that of February, 1895 (Acts 1894–95, p. 415), "dealing with matter of garnishment only," that may be issued by any justice of the peace or notary public.

The fact of the amendment of 1919 making such inferior court a court of record did not change its functions, jurisdictions, and powers as such inferior court, and had not the effect of making of it a court with jurisdictions and powers of a circuit court of law or equity, and not within the provisions of section 7348 et seq., Code. It was under the provisions of section 168 of the Constitution that the Legislature provided in 1915 (Local Acts 1915, p. 231) for the creation of the municipal court "in lieu of all justices of the peace, within said precincts and notaries public, ex-officio justices of the peace, within said precincts, and all inferior courts heretofore created in lieu of justices of the peace and notaries public ex-officio justices of the peace, which said court shall have all the powers and jurisdiction now conferred or that may hereafter be conferred, both civil and criminal, upon justices of the peace or on said court and judges of said court shall have, and exercise all the power and authority, and shall perform all the duties now prescribed by law, or that may hereafter be prescribed by law for a justice of the peace in said precincts." Local Acts 1915, pp. 231, 232, § 1.

The case of State v. Roden, 15 Ala. App. 385, 73 So. 657, defined the jurisdiction and powers of courts established in lieu of justices of the peace under sections 104, 168, Constitution. Opinions by this court (15 Ala. App. 391, 408, 73 So. 657) held: "To the extent it confers such additional powers, Local Acts 1915, p. 432, abolishing justices of the peace, and establishing inferior courts with the same jurisdiction, and certain additional powers, violates section 168, Constitution 1901, and renders the act entirely void."

It results that the action of the trial court was free from error, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.