198 So. 275

**BAUMHAUER et al. v. STATE ex rel. SMITH.**

**1 Div. 360.**

Court of Appeals of Alabama.

June 18, 1940.

Rehearing Denied Aug. 6, 1940.

Harry Seale, of Mobile, for appellants.

M. F. Dozier and Winston F. Groom, both of Mobile, for appellee.

RICE, Judge.

In the words of appellants' able counsel: "This action was instituted by the filing of a petition seeking the issuance of a writ of mandamus against the City of Mobile and the gentlemen comprising the Board of Commissioners of the City of Mobile to require the payment of a certain pro rata of funds received by the City of Mobile from the State Alcoholic Beverage Control Board, under the provisions of Act Number 204 approved March 4, 1937, and found beginning on page 244 of the volume of the General Acts of Alabama of 1936–1937. * * * This act provides that in all cities governed by a Commission created under the act found beginning on page 330 of the General Acts of Alabama of 1911, (as Mobile) one-half of the money received by such cities from the Alabama Alcoholic Beverage Control Board should be paid to the policemen and firemen of such city, including all the officers in said departments, 'in addition to the salary customarily paid each such employee and officer.' [Section 2.] * * * The manner of computing the amounts to be paid to the policemen and firemen from such fund is by ascertaining the number of officers and men in both departments as of the first day of the month immediately succeeding the month in which the payment is made to the City, and by dividing the sum so received by such total number, the dividend being the amount payable to each such officer and man during such following month, irrespective of rank, such pro rata payments to be made, as stated above, in addition to the salary cus-

tomarily paid." (Italics, here, supplied by us.)

And, still in the words of appellants' counsel:

"The petition then sets forth the amounts received by the City of Mobile from the Beverage Control Board during the employment of Relator's (appellee's) intestate, and the number of policemen and firemen employed on the first days of the months next succeeding the months in which the payments were received. (And here we interpolate, on our own account, that the amount relator is entitled to receive—if, indeed, she is entitled to recover at all— is calculated and agreed upon as being $111.82.)

"A demurrer was duly filed by the respondents (appellants), and the grounds of such demurrer are that the act (Gen. Acts Ala. Extra Session 1936–1937, p. 244) is a local one passed under the guise of a general act without publication of notice of intention, and that it does not appear that the Relator has a clear legal right to the relief sought. Other grounds are set forth in the demurrer but will not be argued.

"The demurrer was overruled and the respondents duly filed an answer admitting certain allegations of the petition and denying others."

And, we believe we ought to add, respondents admitted all the allegations of the petition save and except, only, the ones stating that the City "failed to appropriate the money paid over to the said City of Mobile under the act of March 4, 1937 in question;" and that petitioner is entitled to now receive her intestate's part of same.

The court below awarded the writ as prayed; and this appeal followed.

Pending the proceedings Hon. R. V. Taylor, one of Respondent City of Mobile's Commissioners, died; and, acting under the supposed authority of Code 1928, § 8985, the cause, as to said R. V. Taylor, was revived against Hon. Ernest M. Megginson, the duly qualified successor to Hon. R. V. Taylor. And acting, likewise, under the assumed authority of said Code section, the Hon. Ernest M. Megginson, now one of the Respondents, has duly made known his "willingness to perform the required duty"—that is, pay to petitioner the money she claimed in her petition.

One of the most stoutly contested issues raised below, and renewed here, was as to whether or not the act approved March 4, 1937 (Gen. and Local Acts Alabama Extra Session 1936–1937, p. 244) was unconstitutional—for the reasons argued.

We, ourselves, couldn't agree as to whether or not the said act was unconstitutional; so, acting under the authority of Code 1928, § 7311, one of our number certified to our Supreme Court the abstract question: "Is or not the Act, above, approved March 4, 1937 (Gen.Acts Ala. Extra Session 1936–1937, p. 244) a valid legislative enactment?"

That court, 198 So. 272, with one of its strongest members dissenting, speaking through Mr. Justice Thomas, ended its response to the above certification with this—conclusive on us (Code 1928, § 7318) —paragraph, to-wit: "It results that the act in question is a valid legislative enactment and is free of constitutional objections. Such is our answer to the question certified by the Court of Appeals under Section 7311 of the Code."

So we come to the single meritorious question left in the proceedings: "Did the City of Mobile comply with the terms of said Act?"

The answer to the above question does not seem to us so difficult of ascertainment. Stripped of all extraneous considerations, it is plain that throughout the time covered by petitioner's claim the *salary* of her deceased husband was $100 per month. This was fixed by resolution of the Board of Commissioners of Respondent City as of September 21, 1937—admittedly so.

While we do not think the *reasons* for so fixing said salary, at said time, were *material,* yet the fact remained that said resolution *gave* as the reasons, that "it is (was) found that by virtue of the economical and business-like administration of the said City, and by reason of the refunding of the City's debt at a saving of $300,000 annually, the City is now in position to restore in full the salaries of the City employees." Not a word with reference to any "monies that may be derived * * * as a result of the operation * * * of the Alcoholic Beverage Control Act". Gen.Acts 1936–37, Ex.Sess., p. 244, § 1.

*Whatever* the reasons—those outlined by the City's witness, Hon. Cecil F. Bates,

or any other—the simple fact remains that the *salary* of Relator's intestate throughout the time covered by her claim was $100 per month, the "salary customarily paid him," in the language of the Act of 1937, supra.

And the language of said act is plain. It was not complied with.

We are not impressed with appellants' contention that by receiving and accepting his *salary* throughout the time involved, without protest, relator's intestate waived his claim to this share of the "monies * * * derived * * * as a result of the operation * * * of the Alabama Beverage Control Act." It (his share of said money) was not, and not intended to be, a *part* of his salary; but was to be given to him in *addition* to his salary. And he, or his Administratrix, might call for it at any time short of such a time when his claim might be barred by the Statute of Limitations.

The judgment of the Circuit Court is affirmed.

Affirmed.