200 So. 779

**BATES et al., Commissioners of Mobile, v. STATE ex rel. CONNIFF.**

I Div. 139.

Supreme Court of Alabama.

Feb. 27, 1941.

M. F. Dozier and Winston F. Groom, both of Mobile, for appellee.

Harry Seale, of Mobile, for appellants.

612

Albert J. Tully, of Mobile, for Personnel Board of Mobile County, amicus curiae.

THOMAS, Justice.

Petition for mandamus was filed by appellee to recover his share of the money derived by the City of Mobile from net profits of A. B. C. stores in Mobile as a result of the Alabama Alcoholic Beverage Control Act and an act contained in the General Acts, of Alabama of 1939, pp. 526, 527, under an act of the Legislature contained in the General Acts of Alabama of 1936–37, Sp.Sess., pp. 244, 245.

The defendants filed an answer to the petition, admitting the allegations of the same, but denying that petitioner was entitled to the amount of $62.48, and setting up the defense that there was no duty on the part of defendants to set aside such money.

Demurrers were filed by petitioner to that part of the answer which was not admitted by defendants. Demurrers were sustained and an agreement was entered into as to the evidence by and between the attorneys for the parties. The effect thereof will be set out by the reporter.

The court ordered that a peremptory writ of mandamus issue to defendants, directing and commanding the city to set aside the funds under the Rogers Act (Acts 1936–37, Sp.Sess., p. 244) and to forthwith pay petitioner $62.48, as his pro rata share of the liquor money paid to the City of Mobile, in addition to the salary of $105 he was customarily paid by the City of Mobile under the "pay plan" adopted by the Personnel Board of the Civil Service of Mobile County.

Notice of appeal was given by defendants and a bond was filed by them. From the ruling on the motion to intervene filed by the Personnel Board of Mobile County, no appeal or bond was filed, but the said board has filed a brief here amicus curiae.

The General Acts of Alabama, 1936–37, Sp.Sess., pp. 244, 245 (known as and hereinafter referred to as "The Rogers Act") has been construed by the Court of Appeals and by this court in Baumhauer et al. v. State ex rel. Smith, ante, p. 10, 198 So. 272.

The city contended that the liquor money was not to be paid in addition to the customary salary, but was a part of the same, and that the intention of the Legislature under the Rogers Act was for it to be a part of the said salary. In the last cited case the Court of Appeals, among other things, held: " * .* * It (his share of said money) was not, and not intended to be, a part of his salary; but was to be given to him in addition to· his salary. * * *." Baumhauer v. State, 29 Ala.App. 470, 198 So. 275, 277.

On July 1, 1940, the Personnel Board of Mobile fixed a pay plan providing a minimum and maximum salary for all firemen of petitioner's grade of $100 to $120 per month, and petitioner's salary was fixed at not less than he was receiving prior to July, 1, 1940. At the time of the action by the Personnel Board, the Baumhauer case, .supra, had been decided by the circuit court, by the Supreme Court as to the constitutionality of the Rogers Act, by the Court of Appeals in favor of the appellee (against the city) and the writ of certiorari

was denied by this court. Baumhauer v. State, ante, p. 194, 198 So. 277.

The city refused to pay any moneys received by it from the A. B. C. Board after July 1, 1940 (money from January 1st to June 30th, 1940, being paid in July, 1940), and this petition was filed to compel the city to pay petitioner's pro rata share of such money. The city contends that the Civil Service Act supersedes the Rogers Act. Local Acts 1939, p. 298, Civil Service Act.

However, the, two acts are in harmony, and the money under the first act is to be given to that official in addition to the amount fixed and paid as salary under authority of the Civil Service Act.

The record shows that petitioner was receiving a monthly salary of $105 from the City of Mobile prior to the effective date of the Civil Service Pay Plan, which was July 1, 1940, and has also received his pro rata share of the liquor money under the Rogers Act for money received by the city to that date, and after the pay plan became effective he has been receiving only $105.

We have indicated that the local act creating a county-wide civil service system (Local Acts of Alabama 1939, p. 298) neither superseded nor repealed the general act providing for the payment to Mobile policemen and firemen of one-half of the moneys obtained by the city from the Alcoholic Beverage Control Board under the Rogers Act, supra. As to this result, we will advert to some of our recent decisions touching the point in question.

In State ex rel. Grace v. Smiley, Clerk, 219 Ala. 119, 121 So. 398, 399, it was said: "There is in the act of 1915 no express repeal of the act of 1895. Repeal by implication is not favored in law. Cook v. Meyer, 73 Ala. 580. It is only when two statutes are so repugnant to each other that it must be presumed that the Legislature intended that the latter should repeal the former that a repeal by implication will be found to exist; and where there is a reasonable field of operation by a just construction for both statutes, both will be given effect. Birmingham v. Southern Express Co., 164 Ala. 529–539, 51 So. 159."

In Davis v. Browder, 231 Ala. 332, 165 So. 89, 91, this court held, in part, as follows:

"It seems to be settled in this state that a general law will not repeal by implication a local law, although in form a general law, and passed as such. Tucker v. McLendon et al., 210 Ala. 562, 98 So. 797; Board of Revenue v. Johnson, 200 Ala. 533, 76 So. 859; State ex rel. Tyson v. Houghton, 142 Ala. 90, 38 So. 761; Southern Express Co. v. Tuscaloosa, 132 Ala. 326, 31 So. 460.

"We are not unmindful of the fact that repeal by implication is not favored in the law. It is only when two laws are so repugnant to or in conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former. If there is a reasonable field of operation, by a just construction, for both, they will both be given effect. This is said to be preferable to repeal by implication. City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159; Riggs v. Brewer, 64 Ala. 282; Herr v. Seymour, 76 Ala. 270; Wyman v. Campbell, 6 Port. 219, 31 Am.Dec. 677; State ex rel. Grace v. Smiley, Clerk, 219 Ala. 119, 121 So. 398; State ex rel. Tubbs et al. v. White, 160 Ala. 168, 49 So. 78."

To the same effect are earlier cases in this jurisdiction. Cook v. Meyer Bros., 73 Ala. 580, 583; Abernathy v. State, 78 Ala. 411; Mills v. Court of Com'rs of Conecuh County, 204 Ala. 40, 85 So. 564.

In the case of Heck, State Comptroller, v. Hall et al., 238 Ala. 274, 190 So. 280, it was held that the State Civil Service Law (General Acts of 1939, p. 68) did not repeal an act contained in the General Acts of 1933, Extra Session, p. 81, which provided a maximum of $3 per diem for expenses other than actual transportation expense. It was also held that it was not the intent of the Legislature in the Civil Service Act to alter or disturb the compensation of those offices created by statute with a fixed term and salary protected by Section 281 of the Constitution.

The effect of our decisions is that for a later statute to repeal an earlier one, the "repugnance between the two must be glaring and irreconcilable" and the two statutes cannot stand together. State ex rel. Tubbs et al. v. White, supra; Pearce v. Bank of Mobile, 33 Ala. 693.

The Act of the Legislature of 1931, p. 538, provided that the petitioner was entitled to a salary of $120 per month, which amount he is not now being paid.

We conclude with the observation that the Act of 1939 (General Acts of

1939, pp. 526, 527) neither expressly nor impliedly repeals the Act of 1937 (General Acts of 1936–37, pp. 244, 245) because the two acts both have a field of operation and the one is in no way repugnant to the other. The pro rata amount of the liquor money is to be paid to petitioner in addition to the salary for personal services under the Civil Service Act. The liquor money was not and not intended to be a part of that salary. The petition does not require the performance of an unlawful act because the money here contended for is separate, apart, distinct and in addition to the amount paid under the Civil Service Act. The civil service provided petitioner should not be reduced below what he received prior to July 1, 1940.

It results, therefore, that the judgment of the circuit court is correct and there is no merit in the contentions of appellants. The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., BROWN and FOSTER, JJ., concur.